UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICER HODGE, et al.,<br><br>                    Defendants. | Case No.: 14-CV-590 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THIRD AMENDED COMPLAINT**<br><br>(ECF No. 81) |

Presently before the Court is Plaintiff Raul Arellano, Jr.'s Motion to Amend Third Amended Complaint. (Mot. to Amend, ECF No. 81.) Also before the Court are Defendants' Opposition to (ECF No. 84) and Plaintiff's Replies in Support of (ECF Nos. 98, 104) the Motion to Amend. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 82.) Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's Motion to Amend. (ECF No. 81.)

**BACKGROUND**

On March 13, 2014, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging inadequate medical care in violation of the Eighth Amendment. (*See generally* ECF No. 1.) Plaintiff filed his operative Third Amended Complaint (TAC) on July 16, 2015, reiterating his Eighth Amendment claim and adding a claim under the Equal Protection

Clause. (*See generally* ECF No. 59.) Currently pending before the Honorable Jill L. Burkhardt are the fully-briefed Motion to Dismiss Claims Against Defendants Glynn and Seeley in Plaintiff's Third Amended Complaint (ECF No. 63) and Motion to Dismiss Claims Against Defendant Zamora in Plaintiff's Third Amended Complaint (ECF No. 69). On February 16, 2016, Plaintiff filed the instant Motion to Amend. (ECF No. 81.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)).

## ANALYSIS

Plaintiff notes that he only recently "found out that this Deffendants [sic] didn't only might have violated the 8th Amendment of cruel and unusual punishment but also Due Process." (Mot. to Amend 1, ECF No. 81.) Plaintiff therefore seeks leave to amend his complaint as "to all deffendants [sic] except for deffendant [sic] Officer Hodge . . . to add the Due Process violation base[d] on the facts already stated on the allegations [he]

previously and recently submitted." (*Id.*)

Defendants oppose Plaintiff's Motion to Amend, arguing that all of the cases upon which Plaintiff relies involved pretrial detainees, who therefore "could not bring their [inadequate medical care] claims under the Eighth Amendment, but could only do so under the Due Process Clause." (Opp'n 3, ECF No. 84 (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)).) "In his Motion to Amend, Plaintiff does not claim that he is actually a pre-trial detainee, nor does he seek to allege any additional facts that would implicate procedural due process." (*Id.*) "Thus, i[t] appears that Plaintiff is simply seeking to bring his medical-care claim under both the Eighth Amendment and substantive due process . . . ." (*Id.*) Consequently, "amending the Third Amended Complaint would be futile" because "Plaintiff's inadequate-medical-care claim can be analyzed under the more explicit Eighth Amendment." (*Id.* at 4.)

Although leave to amend should be freely given, "[f]utility alone . . . is a sufficient basis upon which to deny a motion for leave to amend." *Richey v. Thaut*, No. C11-5680 RBL/KLS, 2012 WL 527521, at *2 (W.D. Wash. Feb. 16, 2012) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991)); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal."). "[A] court may exercise its discretion to deny leave to amend where the amendment is duplicative of existing claims[ and] . . . may also look to the sufficiency of allegations in a proposed amended complaint to determine if they would be futile." *Gragossian v. Cardinal Health Inc.*, No. 07-CV-1818-H (LSP), 2008 WL 2157004, at *1 (S.D. Cal. May 21, 2008) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995); *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650–51 (9th Cir. 1984)).

The Court concludes that Plaintiff's proposed amendment would be futile and therefore **DENIES** Plaintiff's Motion to Amend. (ECF No. 81.) Defendants are correct that the cases cited by Plaintiff involve pre-trial detainees, *see City of Canton v. Harris*, 489 U.S. 378, 381 {1989); *City of Revere*, 463 U.S. at 243–44; *Smith v. Knox Cnty. Jail*,

1  666 F.3d 1037, 1039 (7th Cir. 2012); *Phillips v. Roane Cnty.*, 534 F.3d 531, 536, 539 (6th Cir. 2008); *Thomas v. Kippermann*, 846 F.2d, 1009, 1010–11 (5th Cir. 1988), and that "i[t] appears that Plaintiff is simply seeking to bring his medical-care claim under both the Eighth Amendment and substantive due process" (*see* Opp'n 3, ECF No. 84). "A claim that the defendants failed to provide a state prisoner with adequate medical care is asserted as an Eighth Amendment claim, and not as regarding procedural or substantive due process." *Williams v. Allen*, No. CV 05-1652-PHX-PGR, 2006 WL 3499924, at *3 (D. Ariz. Dec. 5, 2006) (citing *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004); *Robinson v. Pickett*, 16 Fed. App'x 577, 579 (9th Cir. 2001)). "Therefore, Plaintiff's motion to amend his complaint to state a claim that his right to due process was violated by Defendants should be denied for failure to state a claim on which relief may be granted." *Id.*; *see also Spinks v. Lopez*, No. 1:10-CV-01886-AWI, 2013 WL 1876003, at *3–4 (E.D. Cal. May 3, 2013).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Amend. (ECF No. 81.)

**IT IS SO ORDERED.**

Dated: July 21, 2016

Hon. Janis L. Sammartino
United States District Judge