UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICER HODGE, et al.,<br><br>                    Defendants. | Case No.: 14-CV-590 JLS (JLB)<br><br>**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS CLAIMS AGAINST DEFENDANTS GLYNN, SEELEY, AND ZAMORA; AND (4) DENYING AS MOOT PLAINTIFF'S MOTION FOR CONSIDERATION**<br><br>(ECF Nos. 63, 69, 110, 112) |

Presently before the Court are Defendants K. Seeley, M. Glynn, and L. D. Zamora's Motion to Dismiss Claims Against Defendants Glynn and Seeley in Plaintiff's Third Amended Complaint (Glynn & Seeley MTD, ECF No. 63) and Motion to Dismiss Claims Against Defendant Zamora in Plaintiff's Third Amended Complaint (Zamora MTD, ECF No. 69) (collectively, Defendants' MTDs). Also before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation advising the Court to grant Defendants' MTDs (R&R, ECF No. 110); Plaintiff Raul Arellano, Jr.'s Objections to the R&R (ECF

No. 114); and Defendants' Reply to Plaintiff's Objection (ECF No. 115). Having considered the facts and the law, the Court **OVERRULES** Plaintiff's Objections (ECF No. 114), **ADOPTS** the R&R in its entirety (ECF No. 110), and **GRANTS** Defendants' MTDs (ECF Nos. 63, 69).[1]

## BACKGROUND

Magistrate Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant motions. (*See* R&R 2–8,[2] ECF No. 110.) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

### I.   Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

---

[1] The Court also **DENIES AS MOOT** Plaintiff's Motion for the Court to Take in Consideration that Dock 103 Did Arrived [sic] on Time. (Mot. for Consideration, ECF No. 112.) The Court notes that Plaintiff's Response to Court's Use of Internet Site was mailed on July 25, 2016 (*see* ECF No. 108), rendering it timely under the mailbox rule, *see, e.g.*, *Houston v. Lack*, 487 U.S. 266, 270. In her R&R, Magistrate Judge Burkhardt notes that Plaintiff's Response "took no position on the Court's reliance on outside source materials, and . . . instead . . . reiterate[d Plaintiff's] substantive arguments . . . ." (R&R 5 n.3, ECF No. 110.) Accordingly, both Magistrate Judge Burkhardt and this Court recognize the timeliness of Plaintiff's Response and have considered it to the extent permissible.

[2] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

14-CV-590 JLS (JLB)

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Oretz v. Wash. Cnty., Or.*, 88 F.3d 804, 807 (9th Cir. 1996)). When giving liberal construction to a pro se complaint, however, the Court is not permitted to "supply essential elements of claims that were not initially pled." *Easter v. Cal. Dep't of Corr.*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). The Court should allow a pro se plaintiff leave to amend "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000)).

## ANALYSIS

Plaintiff asserts two constitutional claims against Defendants Glynn, Seeley, and Zamora: (1) cruel and unusual punishment in violation of the Eighth Amendment, and (2) denial of equal protection. (*See* Third Am. Compl. (TAC) 23–26, ECF No. 59.)

**I.    Summary of the R&R's Conclusions**

  **A.    *Cruel and Unusual Punishment***

    1.    *Defendants Glynn and Seeley*

Magistrate Judge Burkhardt concludes that Plaintiff failed to plead facts supporting a plausible deliberate indifference claim against Defendants Glynn and Seeley based upon their response to Plaintiff's second-level grievance. (*See* R&R 13, ECF No. 110.) In reaching this conclusion, Magistrate Judge Burkhardt first notes that "Plaintiff fails to plead any facts from which the Court may draw the reasonable inference that Defendants Glynn

and Seeley knew of an excessive risk of harm to Plaintiff's health" because "the second-level response demonstrates that it was Defendants Glynn and Seeley's understanding that all of the medical issues Plaintiff complained of in his grievance were adequately assessed and remedied at the first level of review." (*Id.*) Moreover, "[t]he allegations in the Third Amended Complaint fail to demonstrate that Defendants Glynn and Seeley purposefully disregarded any risk of harm to Plaintiff's health" because, "[t]o the contrary, the second-level response demonstrates Defendants Glynn and Seeley reviewed and considered Plaintiff's grievance and appeal file in full and issued a written response in accordance with the finding of Defendant Velardi, a medical professional, that Plaintiff's medical conditions were being treated adequately." (*Id.* at 14.) Magistrate Judge Burkhardt rejects the allegation that Defendants Glynn and Seeley should have conducted an independent examination of Plaintiff, reasoning "[i]t is not deliberate indifference for prison officials serving in administrative roles to rely on the opinions of qualified medical staff in responding to plaintiff's second-level grievance." (*Id.* (citing *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015); *Doyle v. Cal. Dep't of Corr. & Rehab.*, No. 12-cv-2769-YGR, 2015 WL 5590728, at *9 (N.D. Cal. Sept. 23, 2015)).) Magistrate Judge Burkhardt also rejects Plaintiff's collateral argument that Defendants were deliberately indifferent when they were late in responding to Plaintiff's grievance, noting that "Plaintiff fails to plead any facts that suggest the Defendants' tardiness was purposeful or anything more than a mere inadvertence." (*Id.* at 14–15.) Magistrate Judge Burkhardt therefore recommends that Plaintiff's Eighth Amendment claims against Defendants Glynn and Seeley be dismissed with prejudice. (*Id.* at 15.)

    2. *Defendant Zamora*

Magistrate Judge Burkhardt determines that "Plaintiff fails to plead any facts that support a plausible deliberate indifference claim against Defendant Zamora" stemming from Defendant Zamora's response to Plaintiff's third-level grievance. (*Id.* at 15–16.) Magistrate Judge Burkhardt first notes that "the Third Amended Complaint fails to plead any facts that suggest Defendant Zamora herself performed any action that would have

caused her to become aware of the existence of an excessive risk to Plaintiff's health" because although Defendant Zamora signed the response to Plaintiff's third-level grievance, the response reveals that the grievance was reviewed by Defendant Zamora's staff and not Defendant Zamora personally. (*Id.* at 16.) Magistrate Judge Burkhardt also concludes that she "cannot reasonably infer from the Third Amended Complaint that Defendant Zamora became aware of an excessive risk of harm to Plaintiff's health via the information her staff communicated to her" because the response indicates that "the information Defendant Zamora's staff provided to her suggests . . . that all of the medical issues Plaintiff raised in his third-level grievance had been adequately assessed and remedied at a lower level of review." (*Id.*) Moreover, that Defendant Zamora's response differs from Plaintiff's own assessment of his medical needs does not establish deliberate indifference (*id.* (citing *Estelle*, 429 U.S. at 107; *Sanchez v. Vild*, 891 F.3d 240, 242 (9th Cir. 1989)), and a prison administrator may rely on the medical opinions of other qualified staff (*id.* at 17 (citing *Peralta*, 744 U.S. at 1087)). Finally, "Plaintiff's Third Amended Complaint fails to allege any facts that suggest Defendant Zamora directed her staff to be deliberately indifferent in responding to Plaintiff's medical needs or otherwise personally participated in any deliberately indifferent conduct of her staff," as would be required to establish vicarious liability. (*Id.* at 17.) Accordingly, Magistrate Judge Burkhardt recommends that the Court dismiss with prejudice Plaintiff's Eighth Amendment claims against Defendant Zamora. (*Id.* at 17–18.)

### B.  Equal Protection

#### 1.  Defendants Glynn and Seeley

Magistrate Judge Burkhardt concludes that "Plaintiff fails to plead any facts that support a plausible equal protection claim against Defendants Glynn and Seeley," either under the theory that they intentionally discriminated against him based upon his membership in a protected class or under a "class of one" theory that Defendant Glynn and Seeley intentionally treated Plaintiff differently from other similarly situated individuals without a rational basis. (*Id.* at 19.) With respect to the former theory of liability,

Magistrate Judge Burkhardt notes that Plaintiff's TAC "fails to allege any facts that suggest Defendants Glynn and Seeley acted with the intent or purpose to discriminate against Plaintiff based upon his being Hispanic." (*Id.*) Under the latter theory, the TAC "is devoid of any facts that suggest that Defendants Glynn and Seeley harbored any hostility toward Plaintiff individually and that as a result of such hostility, the Defendants intentionally treated Plaintiff differently from other similarly situated individuals." (*Id.* at 19–20.) Accordingly, Magistrate Judge Burkhardt recommends that the Court dismiss without prejudice and with leave to amend Plaintiff's equal protection claim against Defendants Glynn and Seeley. (*Id.* at 20.)

### 2.   *Defendant Zamora*

Magistrate Judge Burkhardt also "finds Plaintiff's Third Amended Complaint fails to plead any facts that support a plausible equal protection claim against Defendant Zamora." (*Id.*) First, "[t]he Third Amended Complaint is devoid of any facts connecting any intentional conduct by Defendant Zamora to Plaintiff's protected class status." (*Id.*) Second, "the Third Amended Complaint fails to allege any facts that suggest Defendant Zamora harbored any hostility toward Plaintiff individually and that as a result of such hostility, she intentionally treated Plaintiff differently from other similarly situated individuals." (*Id.*) Moreover, the response to Plaintiff's third-level grievance reveals that Defendant Zamora had a rational basis for treating Plaintiff differently from other similarly situated individuals, as the medical staff evaluating Plaintiff with respect to the appeal issues determined that Plaintiff's medical treatment was adequate and appropriate and, under California law, prisoners may not demand that they be prescribed certain medications. (*Id.* at 20–21.) Magistrate Judge Burkhardt therefore recommends that the Court dismiss without prejudice and with leave to amend Plaintiff's equal protection claim against Defendant Zamora. (*Id.* at 21.)

### C.   ***Plaintiff's Request for Appointment of Expert***

Magistrate Judge Burkhardt also recommends that the Court deny without prejudice Plaintiff's request that the Court grant Plaintiff an expert witness (*see* Opp'n to Glynn &

Seeley MTD 7–8, ECF No. 72) for failure to comply with the Court's Local Rules (R&R 21, ECF No. 110).

## II.    Discussion

Plaintiff "object[s] to all recommendations of the Magistrate."  (Objs. 1, ECF No. 114.)  Accordingly, the Court reviews Magistrate Judge Burkhardt's R&R de novo.

### A.    *Cruel and Unusual Punishment*

An inmate has an Eighth Amendment right to adequate physical and mental health care.  *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).  Deliberate indifference to the serious medical needs of an inmate is not only inconsistent with the basic standards of decency but, more importantly, is antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)).  Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  *Id.*  Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  This standard is one of subjective recklessness.  *Farmer,* 511 U.S. at 839–40.  Therefore, mere negligence in responding to and treating a medical condition does not rise to the standard of deliberate indifference.  *Estelle,* 429 U.S. at 106.  Rather, the defendant must have acted or failed to act despite knowing of a substantial risk of serious harm.  *Farmer,* 511 U.S. at 843 n.8.

*1.     Defendants Glynn and Seeley*

Plaintiff first contests Magistrate Judge Burkhardt's conclusion that he did not plead any facts that Defendants Glynn and Seeley knew of an excessive risk of harm to Plaintiff's health, noting that Defendants do not contest that he had a serious medical need. (Objs. 4, ECF No. 114.) While it is true that Defendants do not dispute Plaintiff's serious medical need (*see* R&R 11, ECF No. 110 (citing Glynn & Seeley MTD Mem. 6–8, ECF No. 63-1; Zamora MTD Mem. 6–8, ECF No. 69-1)), that does not mean that Defendants knew of a substantial risk of serious harm to Plaintiff, *see, e.g.*, *Jett*, 439 F.3d at 1096 (explaining two prongs of deliberate indifference test).

Plaintiff next argues that "Defendants could not have determined that Nurse Velardi had already addressed all [his] issues" for several reasons: (1) neither the first nor second level review addressed the adequacy of Plaintiff's seizure medication (Objs. 4–5, 6–10, ECF No. 114), (2) Plaintiff wrote in his second level grievance that he was suffering from severe pain (*id.* at 5, 11–12), and (3) neither the first nor second level review addressed the adequacy of Plaintiff's request for "neurotins [sic]" (*id.* at 5–6, 12–15). Plaintiff argues that prison administrative officials "can be found liable even for following the advice of <u>prison medical officials</u> if it is obvious, even to a layperson, that the person is in need of critical medical care." (*Id.* at 9 (citing *McRaven v. Sanders*, 577 F.3d 974 (8th Cir. 2009)) (emphasis in original).) Defendants counter that "Defendants Glynn and Seeley knew that Plaintiff was not being denied medications or medical care—only that he was not receiving the medication of his choice." (Reply 3, ECF No. 115.)

The Court agrees with Magistrate Judge Burkhardt and Defendants that Plaintiff has failed adequately to allege that Defendants Glynn and Seeley were deliberately indifferent in responding to Plaintiff's second-level grievance. As Magistrate Judge Burkhardt (*see* R&R 14, ECF No. 110) and Defendants (*see* Reply 3, ECF No. 115) recognize, prison administrative officials are not deliberately indifferent when they rely on the opinions of qualified medical staff in responding to a second-level grievance, *see, e.g.*, *Peralta*, 744 F.3d at 1087 (affirming judgment as a matter of law in favor of second-level reviewer who

9

14-CV-590 JLS (JLB)

authorized someone else to sign a second-level response on his behalf where the second-level reviewer "understood his role to be administrative" and didn't think . . . that he should second-guess staff dentists' [who signed the first-level appeals] diagnoses"); *Doyle*, 2015 WL 5590728, at *9 ("It simply cannot be said that, by signing off on the denials at the second . . . level[], defendants . . . disregarded a substantial risk of harm to [plaintiff]'s health by failing to take reasonable steps to abate it.").

Here, Defendants Glynn and Seeley's response to Plaintiff's second level appeal notes that Defendant Velardi's response to Plaintiff's first level appeal "stated based on the Primary Care Providers interview and exam, [Plaintiff is] being treated adequately for [his] back pain which is musculoskeletal in nature." (TAC 40, ECF No. 59.) Defendants Glynn and Seeley then note that although Plaintiff is now requesting "[n]erve pain medication & a stronger pain medication for back," he "ha[s] not provided any new information or documentation that would alter the 1st level review findings." (*Id.*) Defendants Glynn and Seeley reasonably relied on the expertise of Plaintiff's Primary Care Provide and Defendant Velardi, and there is no indication from their response to Plaintiff's second-level grievance that Plaintiff was in need of critical medical care, much less that Defendants Glynn and Seeley were made aware of such a need or were deliberately indifferent to it, as Plaintiff claims.

Accordingly, the Court **ADOPTS** Magistrate Judge Burkhardt's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's Eighth Amendment claims against Defendants Glynn and Seeley.

### 2. *Defendant Zamora*

Plaintiff first contests Magistrate Judge Burkhardt's conclusion that there is no evidence that Defendant Zamora herself reviewed Plaintiff's grievance, arguing that the fact that the third level response was reviewed by staff under Defendant Zamora's supervision "means that Zamora also had knowledge of what the grievance said and to what her staff responded." (Objs. 16, ECF No. 114.) The Court cannot draw the inference Plaintiff urges from the face of the third-level response, which clearly indicates that "[t]his

appeal was reviewed on behalf of the Deputy Director, Policy and Risk Management Services, by staff under the supervision of the Chief, Office of Third Level Appeals-Health Care" and "[Plaintiff's] appeal file . . . w[as] reviewed by licensed clinical staff." (TAC 36, ECF No. 59.)

Turning to Magistrate Judge Burkhardt's additional bases for dismissing his Eighth Amendment claim against Defendant Zamora, Plaintiff argues that "everything stated on the 3rd level grievance response by Zamora is all a lie[, a]nd in order to prove [it] is all a lie [he] would need to use discovery." (*See* Objs. 16–21, ECF No. 114). Additionally, while Plaintiff concedes that a difference in judgment based on Plaintiff's own assessment of his medical needs is insufficient to state a claim for deliberate indifference, he notes that such is the case "only if the current medication does not put [Plaintiff] in circumstances of a serious medical need due to been [sic] ineffective." (*Id.* at 21.) Defendants respond that "Defendant Zamora noted that Plaintiff's medical . . . records indicated that Plaintiff had been evaluated for seizure disorder, his seizure disorder was currently managed on Keppra, he was receiving Elavil for his chronic back pain, and he currently did not meet non-formulary criteria for gabapentin." (Reply 3, ECF No. 115 (citing TAC 36, ECF No. 59).) Accordingly,

> [t]he Magistrate Judge properly determined that Defendant Zamora . . . did not purposely disregard an excessive risk to Plaintiff's health since the information that staff provided to her suggested that all of the medical issues had been adequately assessed by medical care providers and that Plaintiff merely presented a different assessment of his medical need than that of the medical-care professionals.

(*Id.*)

For the reasons set forth above, *see supra* Part II.A.1, the Court agrees with Defendants. As with Defendants Glynn and Seeley, "[i]t simply cannot be said that, by signing off on the denials at the . . . third level[], defendant[] . . . disregarded a substantial risk of harm to [plaintiff]'s health by failing to take reasonable steps to abate it." *Doyle*, 2015 WL 5590728, at *9. Whether or not Defendant Zamora's staff relayed "lies" to her

does not change this analysis, as Defendant Zamora and her staff reasonably relied upon the medical information relayed to them by Plaintiff's Primary Care Provider and Defendant Velardi.

Finally, Plaintiff explains that "there was [sic] reasons why [he] didn't need to specify facts on how supervisor Zamora was liable for her own subordinates['] actions," namely, (1) "these issue [sic] was never an issue brought up to [Plaintiff] before in order for [Plaintiff] to respond, and (2) "the Supervisor Zamora working and participating with her subordinates, had knowledge of 3rd level response and the merits of claim." (Objs. 21–22, ECF No. 114.) For the same reason that Plaintiff's first objection to Magistrate Judge Burkhardt's dismissal of this claim fails, this objection therefore does also: the face of the third-level response clearly indicates that Defendant Zamora was neither personally involved in nor directed her staff in responding to Plaintiff's third-level grievance. (*See* TAC 36, ECF No. 59.) Therefore, as Magistrate Judge Burkhardt explained, "Plaintiff's Third Amended Complaint fails to allege any facts that suggest Defendant Zamora directed her staff to be deliberately indifferent in responding to Plaintiff's medical needs or otherwise personally participated in any deliberately indifferent conduct of her staff." (R&R 17, ECF No. 110.)

Accordingly, the Court **ADOPTS** Magistrate Judge Burkhardt's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's Eighth Amendment claims against Defendant Zamora.[3]

### B.   Equal Protection

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of*

---

[3] Plaintiff also asks for leave to add Defendant Zamora's staff to his complaint. (Objs. 22, ECF No. 114.) To the extent this request can be construed as a motion for leave to amend, the Court **DENIES** Plaintiff's request on the grounds that amendment would be futile for the reasons stated above. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal.")

*Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

### 1. *Defendants Glynn and Seeley*

Plaintiff notes that his "contention is that on the facts stated in 3rd Amendment Complaint it can be infered [sic] that deffendants [sic] intentionally treated [him] different that other similar situated inmates, as there was no rational basis for difference in treatment." (Objs. 23, ECF No. 114.) Additionally, "it can also be inferred that discriminatory treatment was intentionally directed just at [him], and it was no accident or a random act." (*Id.*) Sending Plaintiff to a specialist or doctor to address his seizure and pain medication "is something that 2nd level reviewers as how Deffendants [sic] were will do [sic] for any similar situated inmate because thats [sic] part of their job whenever their confronted with individuals expressing facts that are consider serious medical needs." (*Id.* at 24.) Defendants respond that "Plaintiff essentially argues that Defendants were deliberately indifferent to his medical needs so they must have violated his equal protection rights since they must have treated other inmates differently," which "is not the basis for an equal protection claim." (Reply 4, ECF No. 115 (citing Objs. 22–26, ECF No. 114).)

Plaintiff has not alleged that Defendants Glynn and Seeley treated him any differently from any other inmate filing a grievance because of his membership in any cognizable protected class or that Defendants Glynn and Seeley harbored any hostility against Plaintiff individually. Accordingly, the Court **ADOPTS** Magistrate Judge Burkhardt's recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's equal protection claim against Defendants Glynn and Seeley.

13
14-CV-590 JLS (JLB)

### 2. *Defendant Zamora*

Plaintiff contests that "those rational basis [Defendant Zamora provided in the third-level response] are actually unfundamental [sic]." (Objs. 25, ECF No. 114.) Specifically, "[b]y Zamora not doing what they should have done, and what they do whenever other similar situated individuals bring forward claims like [Plaintiff's], [i.e., sending Plaintiff to a specialist,] this reveals that she intentionally disregarded a multiple serious medical needs [Plaintiff] brought forward to her, as she left [him] to suffer daily without any help." (*Id.*) Moreover, a nurse's determination over a year ago that Plaintiff was prescribed the correct medication is not a rational basis for Defendant Zamora to deny Plaintiff help. (*Id.* at 25–26.) Defendants' response to Plaintiff's Objections concerning Defendant Zamora are identical to those raised regarding Defendants Glynn and Seeley. (*See* Reply 3–4, ECF No. 115.)

The Court again agrees with Defendants and Magistrate Judge Burkhardt that Plaintiff's equal protection claim against Defendant Zamora is deficient because Plaintiff has failed to allege any facts suggesting that Defendant Zamora discriminated against Plaintiff based upon his membership in a protected class or that Defendant Zamora intentionally treated Plaintiff differently from other similarly situated individuals because she harbored any hostility toward Plaintiff. The Court also agrees with Magistrate Judge Burkhardt that Defendant Zamora's reliance upon California law and Plaintiff's evaluation by medical staff provides a rational basis for denying Plaintiff's third-level grievance. Accordingly, the Court **ADOPTS** Magistrate Judge Burkhardt's recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's equal protection claim against Defendant Zamora.

### C. *Plaintiff's Request for Appointment of Expert*

Neither Plaintiff nor Defendants address Magistrate Judge Burkhardt's recommendation that the Court deny without prejudice Plaintiff's request for appointment of an expert. (*See generally* Objs., ECF No. 114; Reply, ECF No. 115.) Plaintiff does, however, request both that he be given leave to amend his complaint and that the Court

send him a copy of his Objections (Objs. 26, ECF No. 114), to neither of which requests Defendants respond (*see generally* Reply, ECF No. 115).

The Court agrees with Magistrate Judge Burkhardt's recommendation to **DENY WITHOUT PREJUDICE** Plaintiff's request that the Court grant him an expert witness for failure to comply with Civil Local Rule 7.1. The Court additionally **ORDERS** the Clerk of the Court to send Plaintiff a copy of his Objections (ECF No. 114). Finally, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's request that he be given leave to amend, as detailed above. Specifically, Plaintiff will be granted leave to amend his equal protection claims against Defendants Glynn, Seeley, and Zamora, but will not be granted leave to amend his Eighth Amendment claims against those defendants.

## CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 114);

2. **ADOPTS** in its entirety Magistrate Judge Burkhardt's R&R (ECF No. 110);

3. **GRANTS** Defendants' MTDs (ECF Nos. 63, 69). Specifically, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Eighth Amendment claims against Defendants Glynn, Seeley, and Zamora and **DISMISSES WITHOUT PREJUDICE** Plaintiff's equal protection claims against Defendants Glynn, Seeley, and Zamora. Plaintiff **MAY FILE** an amended complaint within sixty (60) days of the date on which this Order is electronically docketed. *Failure to file an amended complaint by this date may result in dismissal of the aforementioned claims with prejudice*;

4. **DENIES AS MOOT** Plaintiff's Motion for Consideration (ECF No. 112);

///
///
///
///
///
///
///

     5.     **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Expert; and

     6.     **ORDERS** the Clerk of the Court to send Plaintiff a copy of ECF No. 114.

**IT IS SO ORDERED.**

Dated: September 9, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge