UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAUL ARELLANO, JR.,

                                        Plaintiff,

v.

OFFICER HODGE, et al.,

                                        Defendants.

Case No.: 14-CV-590 JLS (JLB)

**ORDER (1) DENYING MOTION FOR INTERLOCUTORY APPEAL AND (2) DENYING MOTION TO AMEND**

(ECF No. 119)

Presently before the Court is Plaintiff Raul Arellano, Jr.'s Motion for Permission to Appeal to the Ninth Circuit the Dismissal of Eighth Amendment Claims and Motion to Amend Complaint.  ("MTN," ECF No. 119.)  Plaintiff seeks permission to appeal the Court's dismissal with prejudice of his Eighth Amendment claims against Defendants Glynn, Seeley, and Zamora.  ("MTD Order," ECF No. 116.)  Additionally, Plaintiff seeks to amend his complaint based on arguments he previously made and on which this Court has already ruled.  (MTN 2, ECF No. 119 (citing ECF No. 114, at 22, 26).)

28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order

may materially advance the ultimate termination of the litigation." *See Kaltwasser v. AT&T Mobility*, 2011 WL 5417085, at *1 (N.D. Cal. Nov. 8, 2011); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008).  Such certification should only be granted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Plaintiff has not demonstrated any of the requirements of Section 1292(b), and the Court cannot find any reason to believe that an immediate appeal would materially advance the ultimate termination of the litigation.  Instead, it would further delay resolution of this case and result in unnecessary trouble and expense.  The Court thus finds the circumstances presented in this case do not overcome the general policy disfavoring piecemeal appeals, and that they do not merit § 1292(b) certification.  Accordingly, the Court **DENIES** Plaintiff's request for interlocutory appeal.

Plaintiff further requests that he be given leave to amend his complaint.  (MTN 2, ECF No. 119.)  Specifically, Plaintiff re-raises his arguments for leave to amend made in his objections to Magistrate Judge Jill L. Burkhardt's R&R.  (*Id.* (citing ECF No. 114, at 22, 26).)  However, the Court already recognized and addressed Plaintiff's arguments for leave to amend in its MTD Order.  (MTD Order 12 n.3, ECF No. 116 ("Plaintiff also asks for leave to add Defendant Zamora's staff to his complaint. (Objs. 22, ECF No. 114.) To the extent this request can be construed as a motion for leave to amend, the Court DENIES Plaintiff's request on the grounds that amendment would be futile for the reasons stated above.") (emphasis removed); *id.* at 14–15 ("Plaintiff does, however, request both that he be given leave to amend his complaint and that the Court send him a copy of his Objections (Objs. 26, ECF No. 114) . . . .").)  In the MTD Order, the Court held that "Plaintiff will be granted leave to amend his equal protection claims against Defendants Glynn, Seeley, and Zamora, but will not be granted leave to amend his Eighth Amendment claims against those defendants." (*Id.* at 14–15.)  Accordingly, because Plaintiff's present motion to amend merely recites his previous arguments for leave to amend—on which this Court has already

ruled—the Court **DENIES** Plaintiff's motion to amend.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's request for interlocutory appeal and **DENIES** Plaintiff's motion to amend.

**IT IS SO ORDERED**

Dated:  November 28, 2016

Hon. Janis L. Sammartino
United States District Judge

14-CV-590 JLS (JLB)