UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br>                  Plaintiff,<br>v.<br><br>OFFICER HODGE et al.,<br><br>                  Defendants. | Case No.: 14-cv-590 JLS (JLB)<br><br>**ORDER:**<br>**(1) GRANTING MOTION FOR EXTENSION OF TIME ON DISCOVERY AND AMENDING SCHEDULING ORDER;**<br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 131, 138]** |

Before the Court is Plaintiff Raul Arellano, Jr.'s: (1) Motion for Extension of Time; and (2) Motion for Appointment of Counsel. (ECF No. 138.) No oppositions to the Motions were filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Extension of Time and **DENIES** Plaintiff's Motion for Appointment of Counsel.

**I.    Motion for Extension of Time**

Plaintiff moves the Court for an extension of the remaining dates and deadlines in this case so that he may fully conduct discovery. (ECF No. 138 at 1–2.) Plaintiff asserts that, as the result of an unknown investigation, officers at the R.J. Donovan prison deprived

1

him of his legal materials on March 29, 2017, and then transferred him to the prison's Administrative Segregation Unit on April 5, 2017. (*Id.* at 1.) Plaintiff estimates that he will remain in the Administrative Segregation Unit, where he has no writing instruments, paper, envelopes, or access to his legal materials, for up to three months. (*Id.*) As a result, Plaintiff seeks a four-month extension of all unexpired dates and deadlines in this case as of March 29, 2017. (*Id.* at 2.)

For good cause shown, the Court **GRANTS** Plaintiff's Motion for Extension of Time. Accordingly, the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings issued in this case (ECF No. 131) is **AMENDED** as follows:

1. All discovery, including expert discovery, shall be completed on or before **October 20, 2017**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel, or unrepresented parties, shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel and parties to make every effort to resolve all disputes without court intervention through the meet and confer process.

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred to resolve the dispute **and** requested an informal teleconference with the Court.

2. The parties shall designate their respective experts in writing by **July 28, 2017**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is

not limited to retained experts. The date for exchange of rebuttal experts shall be on or before **August 18, 2017**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. On or before **September 8, 2017**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) on or before **September 29, 2017**.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. A Mandatory Settlement Conference shall be conducted on **November 8, 2017**, at **1:45 PM** before Magistrate Judge Jill L. Burkhardt in Courtroom 5C, on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. Defendants and defense counsel shall personally attend the settlement conference. Plaintiff shall appear telephonically. Counsel for Defendants shall assist in coordinating the arrangements for Plaintiff's telephonic appearance.

Counsel or any party representing himself or herself shall LODGE confidential settlement statements in accordance with Magistrate Judge Burkhardt's Civil Chambers Rules, no later than **October 27, 2017**. The confidential settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. However, if e-mail is

unavailable, settlement conference statements may be lodged by mail to the U.S. District Court, Southern District of California, Office of the Clerk, Attn: Magistrate Judge Burkhardt's Chambers, 333 West Broadway, Suite 420, San Diego, CA 92101. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a list of all attorney and non-attorney attendees for the Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of a corporate entity, an authorized representative of the corporation who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

7. All other pretrial motions must be filed on or before **November 17, 2017**. The moving party must obtain a motion hearing date from the law clerk of the District Judge who will hear the motion, unless the assigned district judge's chambers rules provide otherwise. The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the assigned district judge.

8. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) on or before **February 22, 2018**.

9. Parties or their counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **February 22, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

10. Parties or their counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **March 1, 2018**. At this meeting, they shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Further, parties or their counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Parties or counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Parties or their counsel shall cooperate in the preparation of the proposed pretrial conference order.
///

11. Counsel for Defendants will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **March 8, 2018**, defense counsel must provide plaintiff or his counsel with the proposed pretrial order for review and approval. Plaintiff or his counsel must communicate promptly with defense counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures, shall be prepared, served, and lodged with the assigned District Judge on or before **March 15, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

13. The final pretrial conference shall be held before the Honorable **Janis L. Sammartino**, United States District Court Judge, on **March 22, 2018**, at **1:30 PM**.

14. A post trial settlement conference before a Magistrate Judge may be held within 30 days of verdict in the case.

15. Except for as stated above, this Order does not otherwise change any date, deadline, or requirement set forth in the Court's December 16, 2016 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings (ECF No. 131).

16. The dates and times set forth in this Order will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Court Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Court Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Counsel for Defendants shall serve a copy of this order on all parties that enter this case hereafter.

## II. Motion for Appointment of Counsel

Plaintiff also moves the Court, for the second time, for appointment of counsel. (ECF No. 138 at 3–4.) He argues that he should be appointed counsel because it would assist him in moving his case forward on the proper schedule and without conflict and because he suffers from physical and mental disabilities that make it difficult to litigate this case on his own. (*Id.*) Plaintiff asserts that his impairments include fainting, diabetes, seizures "with an after effect of out of focus for hours or days," pain, nerve damage, neuropathy, depression, panic attacks, and anxiety attacks. (*Id.*) Plaintiff further asserts that he has been assigned to the prison's E.O.P. program, which is "for the highest mental treatment." (*Id.* at 3.)

### A. Legal Standard

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### B. Plaintiff's Likelihood of Success on the Merits of His Claims

"A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016); *see also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) ("Without some evidence that he is

likely to succeed at trial, plaintiff fails to satisfy . . . [the exceptional circumstances test's] first factor."). Here, Plaintiff has offered no evidence to the effect that he has a likelihood of success on the merits, and there is very little before the Court regarding the merits of Plaintiff's case, other than the assertions in the operative complaint. Thus, at this early stage of the case, when the parties have not yet completed discovery and proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his claims. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Accordingly, the Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for the appointment of counsel.

### C. Plaintiff's Ability to Articulate Claims Without the Assistance of Counsel

Where a *pro se* civil rights plaintiff shows that he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer*, 560 F.3d at 970. As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.*, No. 12cv1084 IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But it is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim in light of the complexity of the issues, the exceptional circumstances that might support the appointment of counsel do not exist.

Here, the purported complexity of this case and Plaintiff's physical and mental impairments have not prevented Plaintiff from articulating his claims. The court has reviewed Plaintiff's complaint and other pleadings and finds that the issues he raises are not particularly complex. The Court understands Plaintiff's claims and the relief that he seeks. In addition, Plaintiff has demonstrated that he has a good grasp on basic litigation procedure, as evidenced by the pleadings and other submissions he has filed with the Court. Thus, Plaintiff has shown that despite his impairments, he has been able to articulate his claims in light of the relative complexity of his case.

Viewing the two exceptional circumstances factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims *pro se*. Accordingly, Plaintiff has not established the exceptional circumstances required for the appointment of counsel, and Plaintiff's motion for appointment of counsel is therefore **DENIED**. This denial is without prejudice, however, and Plaintiff is therefore not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

**III. Conclusion**

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Extension of Time and **DENIES without prejudice** Plaintiff's Motion for Appointment of Counsel (ECF No. 138).

**IT IS SO ORDERED**.

Dated: May 3, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge