UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER HODGE et al.,<br><br>Defendants. | Case No.: 14-cv-590 JLS (JLB)<br><br>**ORDER DENYING MOTION TO RECEIVE DEPOSITION TRANSCRIPT**<br><br>**[ECF No. 145]** |

Before the Court is Plaintiff's motion to receive a copy of the transcript of the deposition taken on March 24, 2017. (ECF No. 145.) Plaintiff asserts that he submitted a request for a copy of the transcript to U.S. Legal Support, the court reporting agency that transcribed the deposition, on April 7, 2017, but he has not received a response to his request. (*Id.* at 3.) Plaintiff now requests that the Court either send him a copy of the deposition transcript or "tell its court reporting service" to send him a copy of the transcript. (*Id.*)

The Court does not have the authority to provide Plaintiff with a copy of the requested deposition transcript free of charge. A person who transcribes a deposition is required to provide a copy of the transcript to any party or the deponent only when paid reasonable charges therefor. Fed. R. Civ. P. 30(f)(3). Although Plaintiff was granted leave to proceed *in forma pauperis* in this case (ECF No. 3), it is well established that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.3d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The expenditure of public funds

for deposition transcripts is not authorized by the *in forma pauperis* statute or any other statute. *See* 28 U.S.C. § 1915; *Franklin v. Felker*, No. 2:11-cv-2055 KJN P, 2012 WL 3234234, at *2 (E.D. Cal. Aug. 6, 2012). Accordingly, the Court cannot grant Plaintiff's request that it provide him a copy of the March 24, 2017 deposition transcript free of charge. *See Claiborne v. Battey*, No. CIV S-06-2919 FCD EFB P, 2009 WL 530352, at *3 (E.D. Cal. Mar. 3, 2009).

Nor does the Court have the authority to compel U.S. Legal Support to provide Plaintiff with a copy of the deposition transcript free of charge. U.S. Legal Support is not a court reporting service of the Court, as Plaintiff's motion suggests. (*See* ECF No. 145 at 3.) And, even if it were, under the Federal Rules of Civil Procedure, the Court cannot compel it to provide Plaintiff with a copy of the deposition transcript free of charge. *See* Fed. R. Civ. P. 30(f)(3); *see also Brown v. Castillo*, No. CV-F-02-6018 AWI DLB P, 2006 WL 1408452, at *1 (May 22, 2006) ("Neither this court nor defendant can provide a copy [of the deposition transcript] to plaintiff without the authorization of the court reporter."). Accordingly, if Plaintiff desires a copy of the March 24, 2017 deposition transcript, he must request it from U.S. Legal Support and pay U.S. Legal Support the reasonable charges for the transcript. *See* Fed. R. Civ. P. 30(f)(3).

For the reasons above, the Court **DENIES** Plaintiff's request for a copy of the March 24, 2017 deposition transcript (ECF No. 145).

**IT IS SO ORDERED.**

Dated: June 9, 2017

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge