UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                      Plaintiff,<br><br>v.<br><br>OFFICER HODGE et al.,<br><br>                      Defendants. | Case No.: 14-cv-590 JLS (JLB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT**<br><br>**[ECF No. 141]** |

Before the Court is Plaintiff's motion for appointment of a medical expert or, alternatively, for a list of addresses of medical experts. (ECF No. 141.) Plaintiff asserts in his motion that he would like to retain an expert in this case with specialized knowledge of the Gabapentin medication, lower back injuries, and nerve damage, as these "are [the] issues [his] case is about." (*Id.* at 1.) Plaintiff requests that the Court assign him an expert because the prison law library does not contain information on expert witnesses, and he does not have access to anyone outside of prison who can help him retain an expert. (*Id.*)

At the Court's request, Defendants filed a response in opposition to Plaintiff's motion on May 26, 2017. (ECF No. 143.) Plaintiff filed a reply to Defendants' opposition on June 13, 2017.[1] (ECF No. 148.) For the reasons explained below, Plaintiff's motion to be appointed a medical expert is **DENIED**.

---

[1] Although Plaintiff's reply brief was filed after the court-ordered deadline, Plaintiff has demonstrated good cause for the late filing. (*See* ECF No. 148 at 1.)

Federal Rule of Evidence 706 allows a district court to appoint an expert on either its own motion or the motion of a party. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510–11 (9th Cir. 1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness is generally appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Torbert v. Gore*, 14cv2911 BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (quoting *Levi v. Dir. Of Corr.*, CIVS020910LKKKJMP, 2006 WL 845733, at *1 (E.D. Cal. Mar. 31, 2006)). Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. *Gorton v. Todd*, 793 F.Supp.2d 1171, 1181 (E.D. Cal. 2011). Additionally, expert witnesses should not be appointed to serve as an advocate for a party. *Faletogo v. Moya*, 12-cv-631-GPC-WMc, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).

Rule 706 is not a means to avoid the *in forma pauperis* statute, 28 U.S.C. § 1915, and its prohibition against using public funds to pay the expenses of witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, courts should appoint an expert for an indigent inmate and apportion all costs to an opponent only "when the expert would significantly help the court" understand complex or compelling issues. *Bovarte v. Schwarzenegger*, 08-cv-1661-LAB-NLS, 2011 WL 748597, at *20 (S.D. Cal. Sept. 21, 2011), *Report and Recommendation adopted at* 2012 WL 760620 (S.D. Cal. Mar. 7, 2012).

After reviewing the parties' motion and opposition papers and the operative complaint, the Court concludes that the issues in this case are not so complex as to require the testimony of expert witnesses to assist the trier of fact. Plaintiff alleges Eighth and Fourteenth Amendment deliberate indifference and equal protection claims in his Fourth Amended Complaint. (ECF No. 126.) To prevail on his Eighth Amendment deliberate indifference claim, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). In the

context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [Plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Torbert*, 2016 WL 3460262, at *2 (quoting *Levi*, 2006 WL 845733, at *1). Rather, the jury will need to consider the prison official's subjective knowledge of any risks to Plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002). Courts have declined to appoint an expert under such circumstances. *Torbert*, 2016 WL 3460262, at *2. Further, the determination of whether Plaintiff's medical needs were sufficiently "serious" to amount to an Eighth Amendment violation will depend on Plaintiff's subjective testimony regarding the extent of his injuries and how his injuries impacted his daily life. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") The assistance of an expert witness would be unnecessary under these circumstances.

To prevail on his Fourteenth Amendment equal protection claim, Plaintiff must show that Defendants either acted with an intent or purpose to discriminate against him based upon his membership in a protected class, *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998), or intentionally treated him differently from other similarly situated individuals without a rational basis for the difference in treatment, *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008). Similar to Plaintiff's Eighth Amendment claim, with respect to this claim, a jury need not consider complex scientific, technical, or other specialized questions of fact that would require the appointment of an expert.

In addition, Defendants have already appointed a medical expert. (ECF No. 143 at 3.) This expert "can assist the jury with any issues in this case not within the common knowledge." *Jimenez v. Sambrano*, 04cv1833 L (PCL), 2009 WL 653877, at *2 (S.D. Cal.

Mar. 12, 2009). Because this case is not complex, the opinion of one unbiased medical expert is sufficient to assist the trier of fact at trial. *See id.* The testimony of a second medical expert is unnecessary.

Plaintiff makes several arguments in his reply brief as to why he should not be required to rely on Defendants' expert witness; however, none are availing. First, Plaintiff argues that he has "not received a complete discovery statement of what [Defendants' expert] is going to be testifying, and what documents will he be relying to support his testimony." (ECF No. 148 at 3.) Plaintiff argues that it would be prejudicial to require him to rely on Defendants' expert without knowing what he will testify to and whether it contradicts Plaintiff's position. (*Id.* at 3–4.) The Court notes that under the operative Scheduling Order, Defendants are not required to provide Plaintiff with their expert witness's report until September 8, 2017. (*See* ECF No. 139, ¶ 3.)

Second, Plaintiff argues that the opinion of Defendants' expert will be biased, as the expert is likely to exaggerate his testimony, "omit[] all evidence and the truth of medication that is damaging to the party that hire[d] him," and "rely on documents prepared by Defendants" that "do[] not mention anything about [Plaintiff's] 602's (grievances), or 7362 Forms (medical requests) where [Plaintiff] specif[ies] every element required to satisfy the cruel and unusual punishment." (ECF No. 148 at 4–5.) Plaintiff contends that if he is appointed his own expert, the expert will be able to explain to the jury the damages and injuries that Plaintiff has suffered, Plaintiff's medical symptoms, pain, and suffering, and Plaintiff's medical requests and grievances. (*Id.* at 5.) Plaintiff fails to assert a proper basis for the appointment of an expert witness. Here, Plaintiff is asking the Court to appoint him an expert witness not to help the trier of fact better understand a complex issue in this case but instead to advocate on Plaintiff's behalf. As noted above, Rule 706 does not contemplate that expert witnesses be appointed to serve as an advocate for a party. *Faletogo*, 2013 WL 524037, at *2. To the extent that Plaintiff is concerned that Defendants' expert witness will deliver biased testimony at trial, Plaintiff will have the opportunity to present evidence of bias on cross-examination.

Further, because Plaintiff is proceeding *in forma pauperis* (ECF No. 3), the Court assumes that Plaintiff is unable to compensate an expert witness.[2] As noted above, under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court is prohibited from using public funds to pay the expenses of witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Thus, if the Court were to appoint an expert on behalf of Plaintiff, it would be required to apportion the cost of Plaintiff's witness to Defendants. *See* Fed. R. Evid. 706(b). In instances such as this, where the government would be required to bear the cost, the Court must exercise caution. *Jimenez*, 2009 WL 653877, at *2. Here, the Court finds that because the facts of this case are no more extraordinary and the legal issues are no more complex than those found in the majority of the § 1983 prisoner civil rights cases before this Court, and because Defendants have already appointed a medical expert in this case, it would be unjust to require the government to bear the cost of an unnecessary additional medical expert witness.

Finally, the Court is unable to provide Plaintiff with a list of addresses of the expert witnesses. The Court does not maintain this type of information and, in any event, the Court may not provide legal advice or assistance to any litigant.

For the reasons discussed above, Plaintiff's motion for appointment of an expert witness (ECF No. 141) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 22, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] Plaintiff does not address in his motion or reply brief whether he would be able to compensate an expert for his or her fees and costs.