UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., Plaintiff,<br><br>v.<br><br>OFFICER HODGE et al., Defendants. | Case No.: 14-cv-590 JLS (JLB)<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR ASSISTANCE WITH DISCOVERY;**<br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 151]** |

Before the Court is Plaintiff Raul Arellano, Jr.'s letter entitled "Motion for Either Defendant's Attorney to Provide Address of Practitioner or be Assigned Attorney." (ECF No. 151.) The Court construes this letter as: (1) Motion for Assistance with Discovery; and (2) Motion for Appointment of Counsel. No opposition to the letter was filed. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Assistance with Discovery and **DENIES** Plaintiff's Motion for Appointment of Counsel.

**I.     Motion for Assistance with Discovery**

Plaintiff moves the Court for assistance locating seven medical professionals that Plaintiff would like to call as witnesses during trial. (ECF No. 151.) Plaintiff "would like to be granted an Attorney with investigator" or "open Discovery could be use [sic] so

1

14-cv-590 JLS (JLB)

Defendant Attorney can find this info I need." (*Id*. at 1) Plaintiff argues that he needs assistance locating a physical therapist who treated Plaintiff for a low back injury because he does not know the name or address of the physical therapist. (*Id*.) Plaintiff also requests that the following medical professionals be located so that he can prepare them to testify at trial—Dr. Luv, Dr. Geyser, Psychiatrist E. Phan, Clinician Nunez, J. Marquez, and Dr. Thiessen. (*Id*. at 1-3.)

The Court is prohibited from providing legal advice to, or acting as counsel to, any party, and therefore it cannot provide Plaintiff with the specific assistance he seeks. The Court directs Plaintiff that any request for discovery must be prepared and served on Defendants pursuant to Federal Rules of Civil Procedure 26–37 and must be completed within the time constraints of the scheduling order in this case. (*See* ECF No. 139.)

## II. Motion for Appointment of Counsel

Plaintiff also moves the Court, for the third time, for appointment of counsel. (ECF No. 151 at 1.) Plaintiff argues that he should be appointed counsel because it would assist him in locating and preparing medical professionals for testimony at trial. (*Id*. at 2.) Plaintiff asserts that he is unable to locate the potential witnesses identified above on his own because of the "unknown whereabouts of this witnesses" and because he is indigent and unable to hire an attorney. (*Id*. at 2.)

Plaintiff does not raise any additional considerations entitling him to appointment of counsel that he has not raised in previous filings. Accordingly, Plaintiff has not established that the exceptional circumstances required for the appointment of counsel exist. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010). Plaintiff's motion for appointment of counsel is therefore **DENIED** for the same reasons that the Court previously denied Plaintiff's request for appointment of counsel. (*See* ECF No. 139.) This denial is without prejudice, however, and Plaintiff is therefore not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

///

## III. Conclusion

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Assistance with Discovery and **DENIES without prejudice** Plaintiff's Motion for Appointment of Counsel. (ECF No. 151.)

**IT IS SO ORDERED**.

Dated: September 5, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge