UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR. ,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER HODGE, et al.,<br><br>Defendants. | Case No.: 14-cv-590 JLS (JLB)<br><br>**ORDER DENYING:**<br>**(1) MOTIONS FOR DEPOSITIONS;**<br>**(2) MOTION FOR APPOINTMENT**<br>**OF COUNSEL;**<br>**(3) MOTIONS FOR COPY OF**<br>**DEPOSITION TRANSCRIPT;**<br>**(4) MOTIONS FOR COPIES OF**<br>**MOTIONS; AND**<br>**(5) MOTION TO JOIN STATE**<br>**ACTION**<br><br>**[ECF Nos. 156, 158, 161, 167, 169]** |

Before the Court is Plaintiff Raul Arellano, Jr.'s five motions requesting related and overlapping relief. (ECF Nos. 156, 158, 161, 167, 169.) Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants J. Chau, M. Glynn, D. Hodge, Dr. Sedighi, K. Seeley, Nurse Velardi, and L. Zamora. (ECF No. 126.) On October 18, 2017, Plaintiff filed a four-part motion comprised of: (1) Motion for Deposition of Officer Hodge, Nurse Velardi, Dr. Chau, and Defendants' Expert Witness; (2) Motion for Appointment of Counsel; (3)

Motion for a Copy of Transcripts of Plaintiff's Deposition; and (4) Request for a Copy of This Motion. (ECF No. 156.) Following the filing of this motion, Plaintiff filed four additional motions requesting the same or related relief as his first motion, as is discussed below. (*See* ECF Nos. 158, 161, 167, 169.) Attached as an exhibit to one of these motions is a "Motion Requesting to Join or Move a State Tort Case." (ECF No. 169 at 9.) For the reasons discussed below, the Court **DENIES** Plaintiff's Motions for (1) Depositions of Officer Hodge, Nurse Velardi, Dr. Chau, Dr. Sedighi, and Defendants' Expert Witness; (2) Appointment of Counsel; (3) Copy of Transcript of Plaintiff's Deposition; and (4) Copies of Motions. The Court also **DENIES** Plaintiff's request to "join or move" his state court case.

## I. Motions for Deposition of Officer Hodge, Nurse Velardi, Dr. Sedighi, Dr. Chau, and Defendants' Expert Witness

Plaintiff moves the Court for leave to conduct the depositions of Defendant Officer Hodge, Defendant Nurse Velardi, Defendant Dr. Chau, Defendant Dr. Sedighi, and Defendants' expert witness. (ECF Nos. 156, 169.) On October 18, 2017, Plaintiff first filed a motion to depose four of these individuals: Officer Hodge, Nurse Velardi, Dr. Chau and Defendants' expert witness. (ECF No. 156.) On November 1, 2017, the Court ordered the parties to meet and confer on Plaintiff's request to take these depositions and required Defendants to file a response to Plaintiff's motion. (ECF No. 159.) On November 16, 2017, Defendants filed a response detailing the parties' meet and confer efforts, which concluded without resolution of the issue, and opposing Plaintiff's requests. (ECF No. 163.) On November 22, 2017, Plaintiff filed a second motion requesting the deposition of Defendants Officer Hodge, Nurse Velardi, and Dr. Chau, as well as an additional defendant, Defendant Dr. Sedighi. (ECF No. 169.) In this motion, Plaintiff also requests an order requiring Defendants to arrange a video recording of the depositions with an officer authorized to administer oaths. (*Id*. at 2.) Plaintiff further requests that the Court order the costs of the deposition, if any, be paid by the "state," or "added on my account as how it was added the filing of this case." (*Id*.)

Defendants argue that Plaintiff's request for depositions should be denied because (1) Plaintiff did not file his motion in time to allow for the depositions to take place before the October 20, 2017 discovery cut-off, (2) Defendants should not be ordered to pay for the depositions as Plaintiff failed to utilize less expensive forms of discovery, and (3) Plaintiff already knows Defendants' version of the facts and has received their expert report. (ECF No. 163 at 2–3.)

Plaintiff's request to depose four defendants and Defendants' expert witness is **DENIED** for two reasons: it is untimely and Plaintiff is not entitled to have the costs of the depositions borne by the Defendants or the Court.

First, Plaintiff's request is untimely. On April 26, 2017, Plaintiff requested, and the Court granted, an extension of the deadline to complete all discovery to October 20, 2017. (ECF No. 138; ECF No. 139 at 2.) The operative scheduling order states, "'Completed' means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure." (ECF No. 139 at 2.) Plaintiff was reminded of the need to complete all discovery in a timely manner by the Court in early September. (ECF No. 152 at 2) ("The Court directs Plaintiff that any request for discovery must be prepared and served on Defendants pursuant to Federal Rules of Civil Procedure 26–37 and must be completed within the time constraints of the scheduling order in this case.")

Plaintiff's first motion to depose Officer Hodge, Nurse Velardi, Dr. Chau, and Defendants' expert witness was filed on October 18, 2017. (ECF No. 156.)[1] This motion was postmarked on October 12, 2017 (eight days before the discovery cut-off) and received

---

[1] Plaintiff need not have filed a motion to take the depositions of Defendants or their expert witness. *See* Fed. R. Civ. P. 30(a). Plaintiff could have noticed the depositions as set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 28; Fed. R. Civ. P. 30. And, notably, this first motion by Plaintiff only seeks leave to take the depositions. It seeks no relief from the Court with respect to payment of costs or deposition logistics.

by the Court on October 16, 2017. (ECF No. 156 at 4.) Even if this motion were to have been granted the same day it was received, this would leave insufficient time to provide all parties with reasonable written notice of the depositions pursuant to Rule 30(b), organize and schedule five depositions inside the prison, and conduct five depositions before the discovery cut-off. Thus, it was untimely.

On November 22, 2017, Plaintiff filed a second motion to depose certain defendants, adding Dr. Sedighi and, for the first time, requesting assistance with deposition costs and for Defendants to arrange video depositions in the prison. (ECF No. 169 at 2.) This motion requests that the "state pay the cost, or since am [sic] indigent, to be added on my account as how it was added the filing of this case." (*Id*.) This request was even more untimely, as it was filed over a month after the close of discovery.

Plaintiff asserts that he previously mailed a similar motion to depose Defendants Hodge, Nurse Velardi, Doctor Chau, and Dr. Sedighi, a putative copy of which he attaches to his October 18, 2017 motion. (*Id*. at 1.) This assertion is not persuasive. The Court did not receive the motion Plaintiff asserts he sent on August 29, 2017. Plaintiff states that "it looks like [the motion] never made it to court (according to record of the summary dockets)." (*Id*. at 1.) Once it became clear that the Court had not received the motion, Plaintiff had ample time to mail it sufficiently in advance of the discovery cut-off, but failed to do so.[2] Thus, the alleged attempted filing of the earlier motion does not excuse the late-filing of the motions pending before the Court.

Plaintiff, thus, has not established good cause to excuse his untimeliness. In light of the Court's two warnings to Plaintiff of the need to complete discovery by the discovery cut-off and Plaintiff's April request to the Court to extend the discovery cut-off date, which was granted, the close of discovery could not have come as a surprise to Plaintiff. Furthermore, Plaintiff himself was deposed in this case on March 24, 2017 and he was

---

[2] Additionally, the Court has concerns about the veracity of Plaintiff's assertion. Plaintiff makes no mention of a prior motion to depose defendants in his October 18, 2017 motion. (*See* ECF No. 156.) This claim of a lost motion only arose after Defendants argued that Plaintiff's motion was untimely. (*See* ECF No. 163.)

deposed in at least one of his other cases, so he has been well-aware for some time that depositions are one available discovery tool.[3]

Plaintiff's motion is also denied because Plaintiff represents that he does not have the financial ability to conduct the depositions; but Plaintiff, not Defendants or this Court, must bear the cost of any depositions he notices. Rule 30(b)(3)(A) provides that "[t]he noticing party bears recording costs" of a deposition. Additionally, Plaintiff would be responsible for arranging the presence of an officer authorized to administer oaths either by federal law or by the law in the place of examination. Fed. R. Civ. P. 28(a)(1)(A).

While 28 U.S.C. § 1915(a) and (b) permit federal courts to authorize commencement of suit without prepayment of fees and costs upon a showing of indigency, and allow indigents who are unable to pay the entire filing fee upon filing to pay in installments, § 1915 does not authorize or require federal courts to finance or subsidize a civil action by paying fees or other costs associated with the litigation. *See, e.g.*, *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) ("The Supreme Court has declared that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.") (internal citations and quotation marks omitted); *Bovarie v. Schwartzenegger*, No. 08-cv-1661 LAB (NLS), 2010 WL 4538109, at *2 (S.D. Cal. 2010) (denying request by incarcerated *in forma pauperis* plaintiff for court to bear costs associated with depositions). "The *in forma pauperis* statute does not authorize the expenditure of public funds for a court-appointed deposition reporter to take depositions." *Miller v. Rufion*, No. CIV.08-1233 BTM (WMC), 2010 WL 2485956, at *1 (E.D. Cal. June 14, 2010) (citing *Wright v. United States,* 948 F.Supp. 61, 61–62 (M.D. Fla. 1996) (parties proceeding *in forma pauperis* are responsible for payment of discovery costs, including the costs of depositions, fees for court reporters, and transcripts)).

Plaintiff had other avenues of discovery available to him; he could have conducted

---

[3] Despite this failure to demonstrate good cause, the Court might have excused Plaintiff's untimeliness, except that Plaintiff has made it clear he does not have the resources to conduct the desired depositions anyway. For the reasons next addressed, the Court cannot grant Plaintiff's request to have Defendants pay the costs of the depositions.

5

written depositions or served Defendants with requests for production, requests for admissions, or interrogatories, but chose not to do so. For the reasons stated above, Plaintiff's untimely requests to depose Officer Hodge, Nurse Velardi, Dr. Chau, Dr. Sedighi, and Defendants' expert witness are **DENIED**.

## II. Motion for Appointment of Counsel

Plaintiff also moves the Court, for the fourth time, for appointment of counsel. (ECF No. 156 at 1–2.) Plaintiff argues that his physical and mental health issues, limited access to the law library and legal materials, unfamiliarity with discovery procedures, and numerous cases in federal and state courts warrant the appointment of counsel. (*Id.*) For the reasons stated below, Plaintiff's request is **DENIED**.

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

"A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016); *see also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) ("Without some evidence that he is likely to succeed at trial, plaintiff fails to satisfy . . . [the exceptional circumstances test's] first factor."). Here, Plaintiff has not offered evidence suggesting that he has a likelihood of success on the merits, and there is little before the Court regarding the merits of Plaintiff's

case, other than the assertions in the operative complaint. Thus, at this stage of the case, when Plaintiff has not yet proffered evidence to the Court in support of his claims, the Court cannot find that he is likely to succeed on the merits of his claims. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).[4]  Accordingly, the Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for the appointment of counsel.

As to the second factor, Plaintiff argues that he is unable to adequately articulate his claims because he (1) is only allowed a short amount of time with the law librarian every two weeks; (2) is unfamiliar with discovery rules and procedures; (3) has "approximately" twelve cases in federal and state court; (4) is suffering from medical and mental health issues that impair his memory and ability to work on his cases; and (5) is missing his legal books. (ECF No. 156 at 1–2.)

Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*. First, the Court previously considered, and rejected, Plaintiff's argument that his physical and mental disabilities entitle him to the appointment of counsel. Plaintiff previously moved for appoint of counsel on April 13, 2016 (ECF No. 95), May 3, 2017 (ECF No. 138), and August 24, 2017 (ECF No. 151). In these motions, Plaintiff argued that his medical and mental health issues prevented him from adequately litigating this case, citing the same symptoms as he does in the instant motion. (*See* ECF No. 138 at 3–4; ECF No. 95 at 2.) The Court considered Plaintiff's physical and mental disabilities in denying Plaintiff's previous requests for counsel. (ECF No. 139 at 7–9; ECF No. 96 at 1–2.) Accordingly, for the reasons set forth in the Court's prior orders denying Plaintiff's request for appointment of counsel, Plaintiff has not established that his physical and mental health

---

[4] Plaintiff has not filed a response to Defendants' Motion for Summary Judgment (ECF No. 164).

issues constitute the exceptional circumstances required for appointment of counsel. (*See id.*) (citing *Palmer*, 560 F.3d at 970.)

Second, limited access to the law library and legal materials and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Galvan v. Fox*, No. 2:15-CV-01798 KJM DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.").

Third, Plaintiff's legal claims, and the factual bases for those claims in this case, are not so complex as to require the appointment of counsel. Plaintiff's pleadings and other filings to date are well-written and organized; they demonstrate that Plaintiff is able to understand and articulate the essential facts supporting his claims and has an adequate understanding of basic litigation procedure.

Lastly, the number of other active cases Plaintiff has in federal and state court does not amount to extraordinary circumstances. To the contrary, Plaintiff's ability to litigate up to twelve cases is evidence that Plaintiff is able to articulate his claims *pro se* while balancing multiple cases. Further, Plaintiff chose to file numerous cases in federal and state court; Plaintiff cannot create "extraordinary circumstances" by deciding to file multiple actions.

For the reasons stated above, the second "exceptional circumstances" factor also does not support Plaintiff's request for appointment of counsel. Thus, Plaintiff's motion for appointment of counsel is **DENIED**. This denial is without prejudice; Plaintiff is not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

///

## III. Motions for Copy of Plaintiff's Deposition Transcript

In numerous motions, Plaintiff requests a copy of his deposition so that he can review the transcript for errors. (ECF Nos. 156, 158, 161, 167.) Plaintiff further requests an order barring Defendants from using Plaintiff's deposition transcript in any court proceeding because he has not had the opportunity to review the transcript and make changes.[5] (ECF Nos. 161 at 1.) The Court construes this as a request to suppress the use of the deposition testimony as a sanction for a perceived discovery violation by Defendants.[6] Plaintiff's request for a copy of his deposition transcript is **DENIED** as moot because Defendants provided Plaintiff with a copy of the transcript on December 5, 2017. (ECF No. 174-5 at 2.) Because Plaintiff has not established any discovery violation, Plaintiff's request for an order barring Defendants from using his deposition transcript is **DENIED**.

Federal Rule of Civil Procedure 30(e) provides that "[o]n request by the deponent or a party ***before the deposition is completed***, the deponent must be allowed 30 days . . . (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1) (emphasis added). "Courts insist on strict compliance with Rule 30(e)'s technical requirements" and may not allow corrections that fail to comply. *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (citing *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–26 (9th Cir. 2005) (affirming order striking deposition errata "because [plaintiff]

---

[5] By these motions, Plaintiff requests only to be provided with the transcript of his deposition and to preclude Defendants from using the deposition testimony in evidence. He has not moved for leave to make changes to the transcripts. Further, Defendants provided Plaintiff with a copy of his deposition transcript in early December. The Court notes that Plaintiff has not supplemented his filings with anything indicating that his transcript actually contains inaccuracies that need correction, much less why any such corrections would be appropriate. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–26 (9th Cir. 2005) (finding that statement of reasons explaining corrections is "an important component . . . because the statement permits an assessment concerning whether the alterations have a legitimate purpose").

[6] If Plaintiff believes he has other bases for precluding the use of his deposition testimony at trial, other than alleged discovery violations by Defendants, these reasons should be raised with the District Judge at the appropriate time.

failed to comply with the procedural dictates of FRCP 30(e).")).

Plaintiff was deposed on March 24, 2017. (ECF No. 167 at 1.) On October 19, 2017, Plaintiff filed a second request for his deposition transcript, stating that he "never had a notice to review transcripts regarding discrepency's [sic] that need to be corrected." (ECF No. 158 at 1.) On November 6, 2017, Plaintiff filed a third request for his deposition transcript. (ECF No. 161 at 1.) In this motion, Plaintiff requests the Court prohibit Defendants from using his deposition transcript in any court proceeding "mainly because I haven't review[ed] it and approved it." (*Id*. at 1.) On November 20, 2017, Plaintiff filed a fourth request for his deposition transcript. (ECF No. 167.) In this motion, Plaintiff asserts that he asked Defendants for a copy of his deposition transcript on the day of his deposition and Defendants agreed to provide a copy. (*Id*. at 1.)

Defendants responded to Plaintiff's requests by attaching the last page of the transcript of Plaintiff's deposition, reflecting that Plaintiff did not request the opportunity to review the transcript. (ECF No. 174-3 at 3.) The Reporter's Certificate, signed under penalty of perjury, also indicates that "a review of the transcript by the deponent was not requested." (*Id*. at 4.) Also attached to Defendants' response is a letter from Plaintiff dated March 24, 2017 stating, "I forgot to mention that if theres [sic] anyway I can be sent a copy of the transcripts the lady there made. Also the exhibits. This is just so I can make sure everything was transcribed as how I testify to. To make sure is not inaccurate." (ECF No. 174-4 at 2.) Plaintiff filed a response on December 13, 2017, in which he admits that he did not request a transcript until "after the reporter had finished typing." (ECF No. 181 at 1.) In his response, Plaintiff also attempts to explain his March 24, 2017 letter by saying that he meant to say that he forgot to ask for a copy of the deposition *exhibits*, not the transcript. (*Id*. at 2.)

The Court finds that the record indicates Plaintiff failed to request an opportunity to review the transcript before his deposition concluded, as Rule 30(e) requires. The plain language in Plaintiff's letter contradicts his explanation for his statement that he "forgot to mention that if theres [sic] anyway I can be sent a copy of the transcripts." (*See* ECF No.

174-4 at 2.)  The last page of the deposition transcript and the Reporter's Certificate both indicate that Plaintiff did not request the opportunity to review the transcript before his deposition ended.

Plaintiff has failed to establish a discovery violation by Defendants such that the imposition of sanctions in the form of evidence preclusion would be appropriate. Accordingly, Plaintiff's request for an order barring Defendants from using his deposition transcript in any court proceeding is **DENIED**.

## IV.     Motion To Consolidate Cases

Plaintiff attaches a "Motion Requesting to Join or Move a State Tort Case" as an exhibit to his November 22, 2017 motion requesting a copy of his deposition transcript. (ECF No. 167 at 9.)[7]  Plaintiff states that he "would like to move my tort state case 37-2014-00034262-CV-PO-CTL to this federal court so my state claim can be heard here together with current fed case." (*Id*.)  Plaintiff provides no legal authority for this request. (*See id*.)  The Court construes Plaintiff's request as a petition for removal and motion to consolidate this case with his state tort case.  Both requests are denied in turn.

Plaintiff has "no power to remove his own case" from state court because "[r]emoval is available only to defendants."  *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (citing *In re Walker*, 375 F.2d 678 (9th Cir. 1967) (per curiam)).  *See also Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); 28 U.S.C. §§ 1441, 1443, 1446 (providing that a "defendant" may remove state court cases to federal court).

Absent proper removal from state court, this Court has no authority to consolidate the instant action with Plaintiff's state court case.  Federal Rule of Civil Procedure 42 provides, "If ***actions before the court*** involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ.

---

[7] Plaintiff states that he filed this motion on February 20, 2017 and recently found a copy of the motion when some papers were returned to him.  (*Id*. at 2.)  The Court has no record of having received this motion prior to the filing of Plaintiff's November 22, 2017 motion.

P. 42(a) (emphasis added). Rule 42(a) "cannot be used by a federal court to consolidate an action pending before it with a state court action." *Norman v. Celgene Corp.*, No. CV077174GAFMANX, 2008 WL 11339102, at *1 (C.D. Cal. July 31, 2008) (citing *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (Rule 42 "applies to cases that are properly before the same court. Because this [remanded state court] case is not properly before the district court in Washington, Rule 42 cannot be invoked.")).

Accordingly, Plaintiff's request to "join or move" his state court case is **DENIED** because the state court action has not been properly removed and the Court does not have authority to consolidate Plaintiff's state court action with this case.

## V.     Motions for Copies of Plaintiff's Motions

Plaintiff requests copies of four of his motions because he has been unable to make copies at the law library. (ECF No. 156 at 3; ECF No. 161 at 1; ECF No. 167 at 1; ECF No. 169 at 1.) Plaintiff consistently requests copies of the motions he files. (*See* ECF No. 172 at 2.) The Court declines to provide Plaintiff with copies of his multiple motions as he has not supported these requests with good cause and "[n]umerous courts have rejected any constitutional right to free and unlimited photocopying." *Larson v. Paramo*, No. 15-CV-308 BTM (BGS), 2016 U.S. Dist. LEXIS 67498 (S.D. Cal. May 23, 2016) (quoting *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990)). Plaintiff's request for copies of his motions is **DENIED.**

///
///
///
///
///
///
///
///

14-cv-590 JLS (JLB)

**VI.     Conclusion**

For the reasons discussed above, the Court **DENIES** Plaintiff's Motions for (1) Depositions of Officer Hodge, Nurse Velardi, Dr. Chau, Dr. Sedighi, and Defendants' Expert Witness; (2) Appointment of Counsel; (3) Copy of Transcripts of Plaintiff's Deposition; and (4) Copies of Motions.  The Court also **DENIES** Plaintiff's request to "join or move" his state court case.

**IT IS SO ORDERED**.

Dated:  January 30, 2018

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge