XAVIER BECERRA
Attorney General of California
MONICA ANDERSON
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
SYLVIE P. SNYDER
Deputy Attorney General
State Bar No. 171187
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9553
 Fax: (619) 645-2581
 E-mail: Sylvie.Snyder@doj.ca.gov
*Attorneys for Defendants*
*M. Glynn, P. Velardi, J. Chau, K. Seeley, D. Hodge, F. Sedighi, and L. Zamora*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAUL ARELLANO, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER HODGE, et al.,**<br><br>Defendants. | 14-CV-00590 JLS (JLB)<br><br>**COURT-ORDERED STATUS REPORT REGARDING PLAINTIFF'S MEDICAL CONDITION**<br><br>Judge: The Honorable Jill L. Burkhardt |

## INTRODUCTION

The Court ordered a status report to be submitted in response to Plaintiff's claim in his motion for appointment of counsel that he recently attempted suicide and, in the process, suffered a concussion leading to blindness. (ECF 197, 198.)

The following information is currently available; however, because Plaintiff's medical doctor and optometrist could find no objective reason for Plaintiff's reports of vision impairment, Plaintiff's doctor referred Plaintiff to an outside

1

ophthalmologist. The ophthalmologist appointment is scheduled for May 22, 2018. But because Plaintiff is currently housed in a crisis bed, Plaintiff's doctor does not know if Plaintiff will be cleared to be transported out of the prison for this appointment. If Plaintiff is seen by the ophthalmologist on May 22, 2018, the report should be available by May 25, 2018. At the Court's request, Defendants' counsel can provide a supplemental status report regarding the outcome of this appointment.

On May 16, 2018, Defendants' counsel met with Plaintiff in person for his deposition in another case, *Arellano v. Blahnik* (Case No. USDC-SD 16-cv-2412-CAB-RNB). (Snyder Decl. ¶ 2.) Plaintiff indicated that he was unable to be deposed because his vision impairment had prevented him from properly preparing for the deposition. (*Id.*) Although the deposition did not go forward, Plaintiff and Defendants' counsel discussed the case at length, including complex legal issues in the case. (*Id.*) For example, Plaintiff discussed the difference between forward-looking and backward-looking claims as they relate to the favorable termination doctrine set forth in *Heck v. Humphrey,* as analyzed in *Christopher v. Harbury*. (*Id.*) Two days later, on May 18, 2018, Defendants' counsel received a five-page tightly single-spaced, but legible, handwritten letter, with a May 16, 2018 date on the envelope, further discussing issues in that case. (*Id.*) Defendants' counsel left Plaintiff at approximately 11:15 a.m. on May 16, 2018. (*Id.*) Thus, whether Plaintiff wrote the letter himself or whether he dictated the letter to someone, Plaintiff was able to prepare the single-spaced five-page handwritten letter between 11:15 a.m. and when the prison mail was collected later that day.[1] (*Id.*)

/ / /

/ / /

/ / /

---

[1] The letter references settlement; thus, it cannot be attached. However, if the Court would like to view the letter *in camera*, Defendants' counsel can lodge a copy with the court.

# STATUS REPORT

**1.   Plaintiff's Medical Care Provider's Diagnosis of Plaintiff's Condition:**

Defendants' counsel spoke with Plaintiff's optometrist, Dr. Burke, on May 11, 2018, and May 15, 2018.  (Snyder Decl. ¶ 3.)  During an April 2018 eye appointment, based on Plaintiff's reading of the eye chart, Plaintiff's far vision tested at 20/100, which indicates blurry vision.  (*Id.*)  Dr. Burke tried to correct the blurriness with lenses, but Plaintiff reported no improvement, so Dr. Burke did not prescribe glasses.  (*Id.*)  Dr. Burke could find no reason for the reported blurry vision.  (*Id.*)  Dr. Burke recommended Plaintiff be seen by an ophthalmologist to rule out pathological rather than functional vision loss.  (*Id.*)  Dr. Burke examined Plaintiff again on May 15, 2018, to test Plaintiff's near vision.  Plaintiff's far vision tested slightly worse, and his near vision tested as very poor—as subjectively reported by Plaintiff.  (*Id.*)  Plaintiff reported no improvement with lenses for near vision, so again no glasses were prescribed.  (*Id.*)  Dr. Burke had no diagnosis for Plaintiff's condition.  (*Id.*)

Defendants' counsel spoke with Plaintiff medical doctor, Dr. Santos, on May 11, 2018, and May 21, 2018.  (Snyder Decl. ¶ 4.)  Dr. Santos examined Plaintiff on May 7, 2018, for blurred vision.  (*Id.*)  His appointment notes indicate that Plaintiff had previously complained of photosensitivity, but that Plaintiff was able to tolerate being under the sun for more than one hour before being called into the C-yard medical clinic, was not wearing sunglasses, and did not complain of eye discomfort.  (*Id.*)  Dr. Santos reviewed records of Plaintiff's April 2018 optometrist appointment.  (*Id.*)  Dr. Santos re-tested Plaintiff's eyes and found his vision was still 20/100, as reported by Plaintiff during the eye-chart reading.  (*Id.*)  Dr. Santos could find no reason for the blurry vision.  (*Id.*)  Thus, he submitted a request that Plaintiff be seen by an ophthalmologist, which is scheduled for May 22, 2018.  (*Id.*)  But because Plaintiff is currently housed in a crisis bed, it is unknown whether

Plaintiff will be cleared to be transported to that appointment. (*Id.*) Dr. Santos had no diagnosis for Plaintiff's condition. (*Id.*)

**2.     What Treatment, If Any, Is Available to Plaintiff for this Condition and the Likely Results of this Treatment, as Best as Can Be Determined:**  At this time, available treatment options are unknown, but may be determined by the ophthalmologist.  (Snyder Decl. ¶¶ 3, 4.)

**3.     The Likely Duration of Plaintiff's Condition, as Best as Can Be Determined:**  At this time, the likely duration of Plaintiff's condition is unknown, but may be determined by the ophthalmologist.  (Snyder Decl. ¶¶ 3, 4.)

**4.     The Accommodations Available to Plaintiff to Assist Him in Litigating this Case If the Condition Persists:**  On May 18, 2018, Defendants' counsel spoke with Richard J. Donovan's Americans with Disabilities Act (ADA) coordinator, Associate Warden J. Santana, regarding accommodations available to Plaintiff at the prison.  (Snyder Dec. ¶ 5.)  This ADA coordinator informed Defendants' counsel that Plaintiff was recently designated by the prison as a vision-impaired inmate (or Disability Placement Impacted Vision [DPV]).  (Santana Decl. ¶¶ 5-7.)  To accommodate vision-impaired inmates, the law library has a machine that will magnify text or will audibly read the text to an inmate, depending on the inmates needs or preferences.  (*Id.* at ¶ 9.) Additionally, Plaintiff is eligible to be provided with a pocket magnifier, and each housing unit has a whole-page magnifier that is available to be checked out by inmates.  (*Id.*)

An ADA skilled inmate worker is available on the yard to read text to Plaintiff and to act as a scribe in preparing written documents.  Additionally, any inmate can help another inmate in litigation so long as that inmate is not paid for these services. (*Id.* at ¶¶ 10, 12.)

Although CDCR staff members are prohibited from assisting inmates with preparing legal documents or providing legal advice, Plaintiff can ask any CDCR staff member for general assistance with reading and writing.  The law library is

also staffed with inmate library clerks who can assist Plaintiff with reading and writing.  (*Id.* at ¶ 11.)

As noted above, on May 16, 2018, Plaintiff was able to prepare a single-spaced five-page litigation-related letter in much less than a day in another of his many legal cases—which supports the availability of prison resources to Plaintiff.  (Snyder Decl. ¶ 2.)

Dated:  May 21, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MONICA ANDERSON
Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General


*s/ Sylvie P. Snyder*
SYLVIE P. SNYDER
Deputy Attorney General
*Attorneys for Defendants M. Glynn, P. Velardi, J. Chau, K. Seeley, D. Hodge, F. Sedighi, and L. Zamora*

SD2014808727
71463845.docx