UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAUL ARELLANO, JR.,
                             Plaintiff,

v.

OFFICER HODGE, et al.,
                            Defendants.

Case No.: 14-cv-590 JLS (JLB)

**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

**[ECF Nos. 195, 197]**

Before the Court is Plaintiff Raul Arellano, Jr.'s Motions to Appoint Counsel. (ECF Nos. 195, 197.) Plaintiff moves the Court, for the fifth and sixth time, for appointment of counsel. (*Id*.) For the reasons stated below, Plaintiff's motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants J. Chau, M. Glynn, D. Hodge, Dr. Sedighi, K. Seeley, Nurse Velardi, and L. Zamora. (ECF No. 126.) On November 16, 2017, Defendants filed a Motion for Summary Judgment. (ECF No. 164.) After the briefing on Defendants' Motion for Summary Judgment was complete, Plaintiff filed the two requests for appointment of counsel presently before the Court. On April 9, 2018, Plaintiff filed a Motion to Appoint Counsel (ECF No. 195), stating that he was in the suicide infirmary as a result of recently attempting suicide and did not have access to his

legal documents. (*Id.* at 1.) Plaintiff stated that although he has been able to file motions and oppose Defendants' motions in this case, his health issues have made it very difficult. (*Id.*) Plaintiff notes that he has filed several motions for extensions of time and has missed discovery deadlines in this case. (*Id.*)

On April 24, 2018, Plaintiff filed another Motion to Appoint Counsel. (ECF No. 197.) In this Motion, Plaintiff represented that he had again attempted suicide, and in this attempt, had sustained a concussion resulting in "blindness." (*Id.* at 1.) Plaintiff stated that he saw an optometrist who said that "they don't have a cure" for Plaintiff's blindness. (*Id.*) Plaintiff represented that "[r]ight now am just writing following a blurr [sic] and hoping my hand does a good job on writing it." (*Id.*) Plaintiff argued that if he was not given an attorney under these circumstances, he would be unable to file motions or read Defendants' motions. (*Id.*)

On May 8, 2018, out of concern for the effect Plaintiff's asserted condition may have on his ability to litigate this case, the Court ordered Supervising Deputy Attorney General Monica Anderson to file a response to Plaintiff's Motion to Appoint Counsel. (ECF No. 198.) On May 21, 2018, Defendants filed a Status Report indicating that Plaintiff had been referred to an outside ophthalmologist (whom he had not yet seen) because "Plaintiff's medical doctor and optometrist could find no objective reason for Plaintiff's reports of vision impairment." (ECF No. 199.) The Status Report further represented that Plaintiff was recently designated as a vision-impaired inmate and will thus be eligible to use a machine in the law library that will magnify text or audibly read text, use a whole-page magnifier, obtain a pocket magnifier, and work with a skilled inmate worker available on the yard to read text to Plaintiff and to act as a scribe in preparing written documents. (*Id.* at 4.) At the Court's request, Defendants filed a Supplemental Status Report on May 25, 2018, following Plaintiff's appointment with the ophthalmologist. (ECF No. 202.) The Supplemental Report indicated that the ophthalmologist found that Plaintiff's reported abnormalities in "vision [did] not correlate [with the] eye exam." (ECF No. 202-1.)

///

1 Plaintiff was scheduled for a follow up appointment two weeks later to further evaluate his vision condition. (*Id.*)

On May 31, 2018, Plaintiff filed a reply to Defendants' status reports. (ECF No. 204.) The reply stated that another inmate wrote what Plaintiff dictated, the other inmate did not "know law," and the other inmate did not know of any inmate that would help another inmate with legal work without a charge. (*Id.* at 1.) Plaintiff represented that the accommodations Defendants state are available to him are not helpful because "no inmate or librarian have the law knowledge to be competent enough in replying or responding to motions," and a magnifying glass will not clear his blurry vision. (*Id.* at 5-6.) Plaintiff filed a second reply to Defendants' status reports on June 1, 2018. (ECF No. 206.) This reply argues that Plaintiff's vision issues are the result of "a brain problem," not his diabetes, which is why the eye exam did not corroborate Plaintiff's reported vision loss. (*Id.*)

## II. LEGAL STANDARDS

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## III. ANALYSIS

The exceptional circumstances required to appoint counsel under § 1915(e)(1) are not present here. Plaintiff fails to satisfy the first factor of the exceptional circumstances

test, likelihood of success on the merits. Plaintiff does not present sufficient evidence for the Court to find that he is likely to succeed at trial. Upon a thorough review of all materials submitted by the parties for Defendants' Motion for Summary Judgment, the Court finds that there is no evidence supporting Plaintiff's Fourteenth Amendment claims, and insufficient evidence for the Court to conclude that Plaintiff is likely to succeed on the remainder of his claims. Although Plaintiff may present sufficient evidence through his own declarations to create a genuine issue of material fact and survive summary judgment on some of his Eighth Amendment claims, he has not presented evidence that would allow the Court to conclude that he is likely to succeed *at trial*. *See Mahon v. Prunty*, 107 F.3d 16 (9th Cir. 1997) ("Even the portion of [plaintiff's] claims that survived summary judgment was supported only by his declaration. He had little likelihood of success on the merits.").

As to the second factor, the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved, Plaintiff has consistently demonstrated his ability to litigate his claims in this case. Where a *pro se* civil rights plaintiff shows that he understands basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer*, 560 F.3d at 970. Further, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and draw reasonable factual inferences in the plaintiff's favor. *Mckinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim in light of the complexity of the issues, the "exceptional circumstances" that might support the appointment of counsel do not exist.

///

Here, Plaintiff has not demonstrated an inability to articulate his claims without the assistance of counsel. Plaintiff asserts that his blurred vision prevents him from reading and writing documents, thus necessitating the assistance of counsel. (ECF Nos. 197, 204.) However, throughout these proceedings Plaintiff has been able to file appropriate motions and responses, discuss case law with Defendants' attorney, and correspond with the Court and Defendants' counsel. Following Plaintiff's reported vision loss, he filed three pleadings with the Court, all of which are well organized and clearly explain the relief Plaintiff seeks and his arguments for that relief. (ECF Nos. 197, 204, 206.) Further, the prison has afforded Plaintiff reasonable accommodations including various magnifiers, a machine that can audibly read text to Plaintiff, and an ADA skilled inmate-worker who is available to read documents to Plaintiff and act as a scribe. (ECF No. 199 at 4.) Plaintiff's arguments that the persons available to assist him do not have the level of legal knowledge Plaintiff desires is beside the point; these personnel were made available to Plaintiff to assist him in reading and writing materials, not to act as his attorney. Plaintiff is able to articulate his claims without the assistance of counsel and fails to meet the second "exceptional circumstances" factor at this stage of the case.

Viewing these *Wilborn* factors together, Plaintiff has not sufficiently demonstrated "exceptional circumstances" necessitating the appointment of counsel.[1]

///
///
///
///
///

---

[1] This Order denies Plaintiff's request for counsel without prejudice and does not preclude Plaintiff from filing a motion for appointment of counsel in the future. Furthermore, if Judge Sammartino finds that any of Plaintiff's claims survive summary judgment and should proceed to trial, Plaintiff may be appointed counsel pursuant to General Order 596 ("[U]nless the Court determines based upon the above factors that counsel is not necessary, the Court may appoint counsel for purposes of trial as a matter of course in each prisoner civil rights case where summary judgment has been denied.").

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motions for Appointment of Counsel (ECF Nos. 195, 197.)

**IT IS SO ORDERED**.

Dated: July 30, 2018

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge