UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER HODGE, et al.,<br><br>       Defendants. | Case No.: 14-CV-590 JLS (JLB)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO APPOINT COUNSEL AND TO EXTEND TIME TO RESPOND**<br><br>(ECF No. 211) |

Presently before the Court is Plaintiff Raul Arellano, Jr.'s Motion to Appoint Counsel and for Extension of Time to Object to R&R. ("MTN," ECF No. 211.) On July 30, 2018, Magistrate Judge Jill Burkhardt issued a Report and Recommendation on Defendants' Motion for Summary Judgment. ("R&R," ECF No. 209.) In his motion, Plaintiff requests the Court appoint him counsel and requests an extension of time to respond to the R&R.

## I. Motion to Appoint Counsel

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004),

*cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Wilborn*, 789 F.2d at 1331).

Plaintiff states that he is suffering from blindness and that the accommodations provided to him by the prison are insufficient. (MTN 1–2.) He further states that he has been receiving help from inmates in writing his motions, but the inmates cannot help him with substantive legal issues and research. (*Id.* at 2.) Judge Burkhardt recently discussed in depth the procedural history concerning Plaintiff's blindness issues, (ECF No. 208), and the Court incorporates those facts by reference. As relevant here, Judge Burkhardt requested Defendants' file a status report with the Court, to which Defendants filed a status report and a supplemental status report. Both reports indicate that treating physicians have been unable to verify whether Plaintiff is actually having vision issues. (*See* ECF Nos. 199, 202.) However, the prison has granted Plaintiff various vision-related accommodations.

Plaintiff's claims have survived the motion to dismiss stage, but have not progressed beyond the motion for summary judgment stage. Thus, the veracity of Plaintiff's claims have not been tested. Thus, the Court finds Plaintiff has not yet demonstrated a likelihood of success on the merits.

Next, Plaintiff has not demonstrated an inability to articulate his claims in light of the complexity of his legal issues. First, the Court does not have any independent, medical verification of Plaintiff's blindness. In May 2018, Defendants submitted two status reports indicating that Plaintiff's treating ophthalmologist has evaluated Plaintiff and has not found

a medical reason for Plaintiff's claimed vision problem. (*See* ECF No. 199, at 2; *see also* ECF No. 202, at 2.) Second, Plaintiff has been able to file motions, with the assistance of other prisoners, and has included citations to cases in his motions. Third, his claims are not particularly complex. In sum, the Court finds Plaintiff has not met the inability to articulate his claims requirement.[1] *See Jones v. Kuppinger*, No. 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.").

The Court is mindful of Plaintiff's claimed medical issues. It will continue to monitor Plaintiff's medical situation and may request additional briefing from Defendants concerning any further medical diagnosis of Plaintiff's condition. The Court will also consider Plaintiff's further requests to extend time to respond so that he has additional time to read, research, and write. However, Plaintiff's situation does not rise to the "exceptional circumstances" warranting appointment of counsel. The Court **DENIES WITHOUT PREJUDICE** his motion to appoint counsel, (ECF No. 211).

## II. Motion to Extend Time to Respond

In light of Plaintiff's vision issue, the Court **GRANTS** Plaintiff's request for additional time to object. Plaintiff **MAY FILE** objections to the R&R <u>on or before September 17, 2018</u>. Plaintiff also requests a copy of his motion. (MTN 3.) The Clerk of Court **SHALL** include a copy of Plaintiff's motion with this Order.

**IT IS SO ORDERED.**

Dated: August 20, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] In his Motion, Plaintiff appears to ask the Court to reconsider Magistrate Judge Burkhardt's order that denied him counsel, (ECF No. 208). (MTN 3.) Because the Court has determined that Plaintiff does not yet merit appointment of counsel, Judge Burkhardt did not err in reaching the same conclusion.