UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER HODGE, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 14-CV-590 JLS (JLB)<br><br>**ORDER: (1) OVERRULING DEFENDANTS' OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (4) DENYING MOTIONS FOR COPIES AND RECONSIDERATION AS MOOT**<br><br>(ECF Nos. 164, 209, 225, 227, 229) |

Presently before the Court are Defendants J. Chau, D. Hodge, F. Sedighi, K. Seeley, M. Glynn, P. Velardi and L. Zamora's Motion for Summary Judgment, ("MSJ," ECF No. 164). Also before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation, in which she recommends the Court to grant in part and deny in part Defendants' Motion ("R&R," ECF No. 209). Defendants filed Objections to the R&R, ("Obj.," ECF No. 212). Plaintiff did not file timely objections. Having considered the facts and the law, the Court rules as follows.

///

## BACKGROUND

Magistrate Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant motions. *See* R&R 2–3.[1] This Order incorporates by reference the background as set forth therein.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In his Fourth Amended Complaint, Plaintiff brings causes of actions under the Eighth and Fourteenth Amendments against all Defendants. Plaintiff alleges Eighth Amendment violations against Correctional Officer Hodge for moving Plaintiff to an upper bunk despite a medical chrono requiring Plaintiff be assigned a bottom bunk, ECF No. 126 at 6–7; Doctors Sedighi and Chau and Nurse Practitioner Velardi for refusing to change his medications and refusing to prescribe therapeutic shoes, *id.* at 13–23; and Executive Officers Glynn, Seeley, and Zamora for failing to properly review his grievances., *id.* at 23–29. Plaintiff alleges that these same actions by Defendants also constitute violations of

///

---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

the Equal Protection Clause of the Fourteenth Amendment. *See id.* at ECF No. 126 at 7, 17–19, 21, 27.

Defendants move for summary judgment on all of Plaintiff's claims. Defendants contend that the Court should enter judgment in their favor on the grounds that: Hodge did not violate Plaintiff's Eighth Amendment rights because he was not deliberately indifferent to Plaintiff's health and safety, MSJ at 13–14; Sedighi, Chau, Velardi, Seeley, Glynn, and Zamora were not deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment, *id.* at 15–18; Plaintiff did not exhaust his claim against Sedighi, Chau, and Velardi for denying him therapeutic shoes, *id.* at 18–19; none of the Defendants violated Plaintiff's Fourteenth Amendment rights because they did not treat Plaintiff differently than other similarly situated inmates, *id.* at 19–20; and Hodge, Sedighi, Chau, and Velardi are entitled to qualified immunity, *id.* at 20–21.

Magistrate Judge Burkhardt recommends the Court grant in part and deny in part Defendants' Motion. *See generally* R&R. First, Judge Burkhardt recommends the Court grant Defendants' Motion as to all of Plaintiff's claims against Seeley, Glynn, and Zamora, *id.* at 12 (citing ECF No. 116); Plaintiff's Eighth Amendment claims for refusing to change his medications against Sedighi and Chau, *id.* at 21–25; Plaintiff's Eighth Amendment claim's for failure to provide therapeutic shoes against Sedighi, Chau, and Velardi, *id.* at 6–10; and Plaintiff's Fourteenth Amendment claims against all Defendants, *id.* at 31–35. The Parties have not objected to the R&R as it pertains to these recommendations. The Court finds the R&R is well reasoned and contains no clear error and therefore **ADOPTS** the R&R and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 164) as it pertains to these claims.

Next, Magistrate Judge Burkhardt recommends the Court deny Defendants' Motion as to two of Plaintiff's claims. Judge Burkhardt recommends the Court deny summary judgment as to the Eighth Amendment claim against Officer Hodge because there is a genuine issue of material fact as to whether Hodge knew of Plaintiff's lower bunk assignment, yet disregarded the serious risk to Plaintiff by moving him to a top bunk. *Id.*

at 12–18.  Likewise, Judge Burkhardt recommends the Court deny Defendants' Motion as to Plaintiff's Eighth Amendment claim against Nurse Practitioner Velardi for failing to properly treat his seizures and pain because a jury could reasonably infer that Velardi purposefully disregarded Plaintiff's serious medical need.  *Id.* at 25–30.  Judge Burkhardt also recommends the Court find that Hodge and Velardi are not entitled to qualified immunity because it was clearly established their alleged actions violated the Eighth Amendment, *id.* at 33–35.  Defendants object to these recommendations.  *See generally* Obj.  Accordingly, the Court reviews *de novo* Judge Burkhardt's recommendations to deny Defendants' Motion as to Plaintiff's Eight Amendment claims against Velardi and Hodge, both on the merits and qualified immunity.

### A. *Defendant Velardi*

Defendants first object to Magistrate Judge Burkhardt's recommendation that that the Court deny their Motion as to Plaintiff's Eighth Amendment claim against Velardi.  Defendants do not dispute that Plaintiff had a serious medical need.  *See generally* MSJ.  Defendants object only to Judge Burkhardt's finding that there is a dispute of material fact as to whether Velardi was deliberately indifferent to that need.  Obj. at 5–8.  Defendants contend that because no other physician—including two neurologists and two other doctors—prescribed Plaintiff Gabapentin, there is no dispute that Velardi's chosen course of treatment was medically acceptable.  *Id.* at 5.  Defendants contend that even if Velardi harbored bad motives, as evidenced by her alleged statements to Plaintiff, she followed the same course of treatment that any other medical care provider would follow.  *Id.*  Thus, according to Defendants, Plaintiff's claim is simply a difference of opinion regarding medical treatment and not an Eighth Amendment violation.  *Id.* at 8.

After a *de novo* review of the R&R's reasoning, the record evidence, and applicable legal authorities, the Court concludes it must agree with Judge Burkhardt's recommendation to deny Defendants' Motion as to Plaintiff's Eighth Amendment claims against Velardi.  Plaintiff alleges that he told Velardi that his medications were causing severe side effects. R&R at 28 (citing ECF No. 191 at 17–18).  Velardi's alleged response,

*see id.* at 27 (citing ECF No. 191 at 12, 17, 22), "could be reasonably interpreted as recognition of Plaintiff's serious medical need, and a purposeful disregard of that need for non-medical reasons." *Id.* at 28 (citing *Jett v. Penner*, 439 F.3d 1091, 1096–98 (9th Cir. 2006)). Based on these allegations, the Court agrees that, "[v]iewed in the light most favorable to Plaintiff, . . . a jury could reasonably find that Plaintiff had a serious medical need[,] . . . that Nurse Practitioner Velardi had knowledge of that need," and that "Velardi purposefully disregarded" that need. *Id.*

Defendants also object to Magistrate Judge Burkhardt's recommendation that the Court find Velardi is not entitled to qualified immunity. *Id.* at 8–10. Defendants argue that Judge Burkhardt's conclusion that it was clearly established that "denying Plaintiff effective medication for non-medical reasons violate[s] Plaintiff's Eighth Amendment right to medical care" is incorrect because it is not the actual issue in this case. *Id.* at 8. The actual issue, according to Defendants, is "whether it was clearly established that providing the same course of treatment as recommended by other medical professionals, including specialists, despite a prison inmate's self-serving statements of ineffectiveness and side effects to get the medication of his choice, is unconstitutional simply because the medical professional simultaneously harbors bad motives." *Id.* at 8–9.

The Court also agrees with Magistrate Judge Burkhardt that Velardi is not entitled to qualified immunity. As noted above, there is a genuine dispute of material fact as to whether Velardi was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. And at the time of the incident, it was clearly established that officials are deliberately indifferent if they choose a course of treatment, "not because of an honest medical judgment, but on account of personal animosity." *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also* R&R at 34 (collecting cases). Accordingly, Velardi is not entitled qualified immunity.

For the above reasons, the Court **OVERRULES** Defendants' objections, **ADOPTS** Magistrate Judge Burkhardt's recommendation, and **DENIES** Defendants' Motion for
///

Summary Judgment with respect to the Eighth Amendment claim against Defendant Velardi.

### B.     *Defendant Hodge*

Second, Defendants object to Magistrate Judge Burkhardt's recommendation that that the Court deny their Motion as to Plaintiff's Eighth Amendment claim against Hodge. Obj. at 10–13. Defendants assert that Officer Hodge believed higher-level officials in central control had properly evaluated Plaintiff's housing restrictions before he moved Plaintiff and that Plaintiff did not hold a valid lower bunk assignment. *Id.* at 12. Because Hodge did not believe Plaintiff when he insisted he had a valid lower-bunk assignment on account that central control had authorized the new bunk assignment, Defendants rationalize that Hodge could not have been deliberately indifferent to Plaintiff's serious medical needs. *Id.*

The Court must agree with Magistrate Judge Burkhardt that "Plaintiff presents circumstantial evidence that[,] when taken in the light most favorable to Plaintiff[,] supports and raises a genuine issue of material fact as to whether Officer Hodge acted with deliberate indifference." R&R at 14. Based on Plaintiff's allegations, a jury could find that Hodge was put on notice as to Plaintiff's serious medical need when Plaintiff told Hodge that he could not be housed in an upper bunk because of his seizure condition, showed Hodge the lower-bunk chrono, and presented Hodge with a Form 22 objecting to the upper-bunk assignment. *Id.* (citing ECF No. 164-13 at 4–7; ECF No. 164-14 at 2). A reasonable jury could also find that Hodge enforced the housing move and ignored Plaintiff's protestations, rather than verifying the veracity of Plaintiff's claims, in conscious disregard to Plaintiff's serious medical need. *Id.* at 17. Based on these allegations, summary judgment is not appropriate. *See id.* (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1213–14 (9th Cir. 2012) (finding allegation that defendants "ignored" the plaintiff's "medical chrono requiring a lower bunk" by moving him to a top bunk was sufficient "to show that [defendants] were deliberately indifferent"); *Brown v. Alexander*, No. CV 13-6143-BRO RNB, 2014 WL 3893393, at *6 (C.D. Cal. Aug. 8, 2014) (collecting cases in

1  which purposeful disregard of lower bunk medical chrono was sufficient to show deliberate
2  indifference)); *see also McDonald v. Yates*, No. 1:09-cv-730-LJO-SKI PC, 2012 WL
3  6514658, at *6 (E.D. Cal. Dec. 13, 2012) (denying summary judgment and finding that
4  "whether Plaintiff's intake informational chrono was still valid or not, and even if he did
5  not show them a chrono and only placed them on verbal notice, Defendants were required
6  to take reasonable action once they were placed on notice that Plaintiff had a medical
7  condition which required a lower bunk") (citing *Farmer v. Brennan*, 511 U.S. 825, 847
8  (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010)).

9      Defendants also object to Magistrate Judge Burkhardt's recommendation that
10 Defendant Hodge is not entitled to qualified immunity.  Defendants contend that Judge
11 Burkhardt's characterization of the clearly established right was too broad.  Obj. at 12.
12 They contend that the proper issue is whether it was clearly established that a failure to
13 verify an inmate's lower-bunk assignment, even though higher-level prison officials had
14 reviewed the inmate's housing restrictions, was unconstitutional.  *Id.*  The Court cannot
15 agree.  At the time of the Complaint, it was clearly established that officials are deliberately
16 indifferent when they know a prisoner has a lower-bunk assignment for medical reasons,
17 yet disregard that assignment and move the prisoner.  *See Akhtar*, 698 F.3d at 1213–14.
18 Because there is a material issue of fact whether Hodge violated a clearly established right,
19 qualified immunity is not appropriate.

20     Accordingly, the Court **OVERRULES** Defendants' objections, **ADOPTS**
21 Magistrate Judge Burkhardt's recommendation, and **DENIES** Defendants' Motion for
22 Summary Judgment with respect to the Eighth Amendment claims against Defendant
23 Hodge.

**CONCLUSION**

25     In sum, the Court (1) **OVERRULES** Defendants' Objections (ECF No. 212),
26 (2) **ADOPTS** the R&R in its entirety (ECF No. 209), and (3) **GRANTS IN PART AND**
27 **DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 164).
28 Plaintiff's motions requesting copies of the R&R (ECF Nos. 225, 227) and his motion to

reconsider the Court's Order finding that he failed to file timely an objection to the R&R and denying any further extensions (ECF No. 229) are **DENIED AS MOOT**.

In light of the Court's denial of summary judgment, the Court will entertain a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and Southern District of California General Order 596. See S.D. Cal. Gen. Order 596 (noting the Southern District of California's Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied").

**IT IS SO ORDERED.**

Dated: April 21, 2020

Hon. Janis L. Sammartino
United States District Judge