UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, Jr. CDCR #AH-1995,<br><br>                      Plaintiff,<br><br>vs.<br><br>OFFICER HODGE, et al.,<br><br>                      Defendants. | Case No.: 14-CV-590 JLS (JLB)<br><br>**ORDER (1) GRANTING MOTION TO APPOINT COUNSEL AND (2) APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>(ECF No. 234) |

Plaintiff Raul Arellano, a *pro se* prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) in this consolidated civil rights action brought pursuant to 42 U.S.C. § 1983.

**PROCEDURAL HISTORY**

On October 18, 2021, the Court consolidated for all purposes two separate cases (Civil Case Nos. 14cv0590 and 15cv2247), both filed by Arellano against a correctional officer (Defendant Hodge), a nurse practitioner (Defendant Velardi) and a doctor (Defendant Dean) and alleging Eighth Amendment deliberate indifference claims related to both his medication and his safety. (*See* ECF No. 239.) Before they were consolidated,

both Case No. 14cv0590 and Case No. 15cv2247 survived summary judgment in part. (*Id.* at 2–4.)  As a result, Arellano's Eighth Amendment claims as to Defendants Hodge, Velardi, and Dean remain to be tried. (*Id.*)  In light of consolidation, the Court denied Arellano's motion to appoint counsel in related underlying Case No. 15cv2247, but deferred consideration of Arellano's pending motion to appoint counsel in the lead Case No. 14cv0590 (ECF No. 234) while it referred the consolidated civil action to its Pro Bono Panel for potential appointment pursuant to S.D. Cal. General Order 596. (*Id.* at 7.)

## APPOINTMENT OF COUNSEL

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The court must consider both "the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Plaintiff has so far demonstrated an ability to articulate his claims and to partially survive summary judgment while proceeding without counsel, his likelihood of success on the merits—at least with respect to his Eighth Amendment claims against Defendants Hodge, Velardi, and Dean—has increased as a result of the Court's summary judgment orders.  *See* ECF No. 230 (Case No. 14cv0590), ECF No. 115 (Case No. 15cv2247); *cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

Thus, in light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and has requested volunteer pro bono counsel for purposes of representing Plaintiff for purposes of trial and during any further proceedings before the Court in this case under the provisions of this Court's "Plan for the

Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. Plaintiff qualifies for a pro bono referral under the Plan because he is an indigent prisoner, and summary judgment had been partially denied. Thus, finding that the ends of justice would be served by the appointment of pro bono counsel under these circumstances, the Court has referred Plaintiff's case to a volunteer attorney on the Court's Pro Bono Panel, and that volunteer has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. Cal. Gen. Order 596.

## CONCLUSION AND ORDER

For the reasons discussed, the Court **GRANTS** Plaintiff's Motion (ECF No. 234) and **APPOINTS** Michael S. Pedretti, Esq., SBN 157635, 406 9th Avenue #303, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. Civ. L.R. 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible and in light of Plaintiff's incarceration at RJD, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. Civ. L.R. 83.3.f.1, 2.[1]

---

[1] Plaintiff is cautioned, however, that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings and has been able to solicit the assistance of an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Plaintiff an attorney of his choosing or guarantee him any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*,

1  The Court further **DIRECTS** the Clerk of the Court to serve Mr. Pedretti with a copy
2  of this Order at the address listed above upon filing.  *See* S.D. Cal. Civ. L.R. 83.3.f.2.
3  **IT IS SO ORDERED**.
4  Dated:  November 16, 2021

   Hon. Janis L. Sammartino
   United States District Judge

---

32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").